1  SETH E. PIERCE (SBN 186576)
     sep@msk.com
2  BRIAN M. RAGEN (SBN 275045)
     byr@msk.com
3  COREY G. SINGER (SBN 300304)
     cgs@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Defendants
   ViacomCBS Inc. and CBS Studios Inc.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  SARA DEROSA, Individually, and on        CASE NO. 2:20-CV-02965-JAK (GJSx)
    behalf of others similarly situated,

                                             Honorable John A. Kronstadt
13             Plaintiffs,

                                             **DEFENDANTS VIACOMCBS INC.**
14        v.                                 **AND CBS STUDIOS INC.'S NOTICE**
                                             **OF MOTIONS AND MOTIONS TO**
15  VIACOMCBS INC.; CBS                      **(A) DISMISS PLAINTIFF'S FIRST,**
    TELEVISION STUDIOS, A DIVISION           **SECOND, THIRD, SIXTH,**
16  OF CBS STUDIOS INC.; SESSIONS            **SEVENTH, EIGHTH, AND TENTH**
    PAYROLL MANAGEMENT, INC.;                **CAUSES OF ACTION; AND (B) TO**
17  FIRSTHAND PRODUCTIONS, INC.;             **STRIKE CERTAIN ALLEGATIONS**
    EAST END PRODUCTIONS, INC;               **IN PLAINTIFF'S FIFTH CAUSE OF**
18  SNAPSHOT PRODUCTIONS, INC.;              **ACTION**
    GAIL LEVINE; GREGG LEVINE;
19  BOARD OF TRUSTEES OF THE
    AFTRA RETIREMENT FUND;
20  BOARD OF TRUSTEES OF THE                 Time:   8:30 a.m.
    SAG-PRODUCERS PENSION PLAN;              Date:   Monday, November 16, 2020
21  BOARD OF TRUSTEES OF THE                 Place:  First Street Courthouse
    SAG-AFTRA HEALTH PLAN; and                       350 W. First Street
22  DOES 1-50,                                        Courtroom 10B
                                                      Los Angeles, CA 90012
23             Defendants.

24

25

26

27

28

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS**
**INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on Monday, November 16, 2020 in the courtroom of the Honorable John A. Kronstadt of the United States District Court for the Central District of California, First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012, at 8:30 a.m., or as soon thereafter as the matter may be heard, Defendants ViacomCBS Inc. and CBS Studios Inc. (the "ViacomCBS Defendants"), shall and hereby do move this Court:

(A)     pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing the First, Second, Third, Sixth, Seventh, Eighth and Tenth Causes of Action in Plaintiff Sara DeRosa's ("Plaintiff") Complaint; and

(B)     pursuant to Federal Rule of Civil Procedure 12(f) for an order striking all references (specified below) to violations of the New York Wage Theft Prevention Act in Plaintiff's Fifth Cause of Action other than those corresponding to the alleged failure to identify Plaintiff's employer.

These Motions are made on the following grounds:

1.     Plaintiff's First Cause of Action for Unpaid Overtime – Violation of FLSA; Second Cause of Action for Unpaid Overtime – Violation of NYLL; Seventh Cause of Action for Failure to Timely Pay Wages – Violation of NYLL; and Tenth Cause of Action for Accounting are preempted by Section 301 of the Labor Management Relations Act ("Section 301").

2.     Plaintiff's Eighth Cause of Action for Fraudulent Filing of Information Returns – Violation of 26 U.S.C. § 7344 fails because Plaintiff does not and cannot allege that the ViacomCBS Defendants filed any "information return" on her behalf.  Even if she could make such an allegation, Plaintiff's factual allegations regarding the ViacomCBS Defendants' role in the alleged fraud do not meet the heightened pleading requirements applicable to claims sounding in fraud.  *See* Fed. R. Civ. Proc. 9(b).

Mitchell
Silberberg &
Knupp LLP

12252411.2

2

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

3.      Plaintiff's Third Cause of Action for Unlawful Deductions – Violation of NYLL, Sixth Cause of Action for Conversion and Tenth Cause of Action for Accounting must be dismissed for lack of Article III standing and because Plaintiff cannot state a claim as to funds in which she has no interest.

4.      Plaintiff's Fifth Cause of Action for Failure to Provide Wage Notices – Violation of NYLL is limited, by Plaintiff's own concession, to an alleged failure to identify the correct employer's name.  References to other potential violations of that statute should be stricken.  Specifically, the ViacomCBS Defendants seek to have the following language stricken:

   a. Compl. ¶ 5(d), 5:19-23 (". . . the rates of pay and basis thereof, the regular rate of pay, the overtime rate of pay . . . the physical address of the employer's main office or principal place of business, and a mail address if different, and a telephone number of the employer . . .").

   b. *Id.* at ¶ 41, 16:3-7 (". . . their rates of pay, the basis thereof, the regular rate of pay, the overtime rate of pay . . . the physical address of their employers' main office or principal place of business, and a mailing address if different, and with their employers' telephone numbers").

   c. *Id.* at ¶ 61(c), 23:12-14 ("whether Employer Defendants have failed to provide the New York Wage and Hour Class Members with wage notices containing their regular hourly rates of pay and their overtime rates of pay").

   d. *Id.* at ¶ 98, 31:14-17 (" . . . their rates of pay and basis thereof, the regular rate of pay, the overtime rate of pay . . . the physical address of the employer's main office or principal place of

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

1   business, and a mailing address if different, and a telephone
2   number of the employer").
3        These Motions are and will be based on this Notice of Motions and Motions,
4   the accompanying Consolidated Memorandum of Points and Authorities, the
5   accompanying Request for Judicial Notice, the accompanying Declaration of Seth
6   E. Pierce, the pleadings and orders in the Court's files for this case, any other
7   matters of which the Court may or must take judicial notice, any Reply that is filed
8   in support of these Motions, any argument presented at the hearing on these
9   Motions, and any other matters the Court deems proper.
10       These Motions are made following the conference of counsel pursuant to
11  Civil Local Rule 7-3 that took place by phone on June 2, 2020 (and in follow-up
12  email correspondence).  *See* Declaration of Seth E. Pierce, ¶¶ 2-3.
13
14  DATED: June 19, 2020              SETH E. PIERCE
15                                   BRIAN M. RAGEN
                                     COREY G. SINGER
16                                   MITCHELL SILBERBERG & KNUPP LLP

17                                   By: /s/ Seth E. Pierce
18                                       Seth E. Pierce
                                         Attorneys for Defendants
19                                       ViacomCBS Inc. and CBS Studios Inc.
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

12252411.2

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

# TABLE OF CONTENTS
## (continued)

**Page**

I.    PREFACE..................................................................................................10

II.   PLAINTIFF'S MORE DEFINITE STATEMENT OF THE CLAIMS........11

III.  INTRODUCTION ...................................................................................11

IV.   KEY ALLEGATIONS ...........................................................................12

    A.   Plaintiff's Employment/Proposed Class ...........................................12

    B.   Applicable Collective Bargaining Agreement ..................................12

    C.   Plaintiff's Claims .............................................................................13

        1.   Alleged "Overtime" Claims.................................................13

        2.   Alleged Filing of Fraudulent Information Returns..................16

        3.   Unlawful Deductions/Conversion Claims .............................17

V.    LEGAL ARGUMENT – MOTION TO DISMISS .....................................18

    A.   Plaintiff's "Overtime" Claims Are Preempted by Section 301 ..........18

        1.   Plaintiff's "Overtime" and Derivative Claims Allege Nothing More Than a Breach of the CBA and Are Preempted ................................................................................18

        2.   The CBA Contains A Detailed, Mandatory Grievance and Binding Arbitration Procedure, Making Dismissal The Proper Remedy ........................................................................20

    B.   Plaintiff's Fraudulent Filing Claim Fails as a Matter of Law.............22

        1.   First Element of the Claim:  Plaintiff Does Not Allege That the ViacomCBS Defendants Filed Any Information Return on Her Behalf...................................................................22

        2.   Second and Third Elements of the Claim: Plaintiff Has Not Alleged That the ViacomCBS Defendants Willfully Filed a Fraudulent Information Return ...................................23

Mitchell
Silberberg &
Knupp LLP

12252411.2

5

**TABLE OF CONTENTS**
(continued)

**Page**

     C.     Plaintiff Lacks Standing with Respect to Her Unlawful Deductions and Conversion Claims ................................................... 25

VI.    LEGAL ARGUMENT – MOTION TO STRIKE ........................................ 27

VII.   CONCLUSION ............................................................................................. 29

Mitchell Silberberg & Knupp LLP

12252411.2

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aetna Cas. & Sur. Co. v. Port of N.Y. Auth.*,
   182 F. Supp. 671 (S.D.N.Y. 1960) ....................................................................27

*Alaska Airlines v. Schurke*,
   898 F.3d 904 (9th Cir. 2018) .........................................................................19

*Buckner v. Universal Television, LLC*,
   2017 WL 5956678 (C.D. Cal. 2017) ..............................................................20

*Burnside v. Kiewit Pac. Corp.*,
   491 F.3d 1053 (9th Cir. 2007) ...................................................................18, 20

*Cantave v. Uptown Comm'ns & Elec., Inc.*,
   2015 WL 4716539 (E.D.N.Y. Aug. 7, 2015) ...................................................20

*Coleman v. S. Wine & Spirits of Cal., Inc.*,
   2011 WL 3359743 (N.D. Cal. Aug. 2, 2011) ..................................................13

*Cramer v. Javid*,
   2010 WL 4968637 (Ohio App. 10 Dist., 2010) .........................................25, 27

*Densmore v. Mission Linen Supply*,
   164 F. Supp. 3d 1180 (E.D. Cal. 2016) ...........................................................13

*Fantasy, Inc. v. Fogerty*,
   984 F.3d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S.
   517 (1994)........................................................................................................28

*Gidding v. Zurich American Ins. Co.*,
   2015 WL 6871990 (N.D. Cal. Nov. 9, 2015).........................................22, 23, 24

*Gold v. Am. Med. Alert Corp.*,
   2015 WL 4887525 (S.D.N.Y. Aug. 17, 2015) .................................................27

*Goodwin v. Amazon Servs., LLC*,
   2018 WL 1229698 (E.D. Cal. Mar. 8, 2018).....................................................23

Mitchell
Silberberg &
Knupp LLP

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.'S MOTION TO DISMISS & MOTION TO STRIKE**

*Johnson v. Sky Chefs, Inc.*,
    No. 11-CV-05619-LHK, 2012 WL 4483225 (N.D. Cal. Sept. 27,
    2012) ................................................................................................ 13

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
    832 F.3d 1024 (9th Cir. 2016) ......................................................... 19

*Leon v. Tapas & Tintos, Inc.*,
    51 F. Supp. 3d 1290 (S.D. Fla. 2014) ......................................... 23, 24

*Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*
    *v. Lucas Flour Co.*,
    369 U.S. 95 (1962) .......................................................................... 18

*Local 246 Util. Workers Union of Am. v. S. Cal. Edison Co.*,
    852 F.2d 1083 (9th Cir. 1988) ......................................................... 21

*Moreau v. San Diego Transit Corp.*,
    210 Cal. App. 3d 614 (1989) ........................................................... 18

*Newberry v. Pac. Racing Ass'n.*,
    854 F. 2d 1142 (9th Cir. 1988) ........................................................ 20

*Olguin v. Inspiration Consol. Copper Co.*,
    740 F. 2d 1468 (9th Cir. 1984) ................................................... 20, 21

*Partida v. Stater Bros. Markets*,
    2019 WL 1601387 (C.D. Cal. Feb. 19, 2019) ................................ 20

*Seid v. Pac. Bell*,
    635 F. Supp. 906 (S.D. Cal. 1985) ............................................. 20, 21

*Smith v. United Airlines, Inc.*,
    2014 WL 4181978 (N.D. Cal. Aug. 22, 2014) ................................ 13

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016).................................................................... 25

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................... 24

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. &*
    *Serv. Workers Int'l Union v. ConocoPhillips Co.*,
    2009 WL 1610074 (C.D. Cal. May 5, 2009)................................... 13

Mitchell
Silberberg &
Knupp LLP

12252411.2

8

*Vadino v. A. Valey Eng'rs*,
    903 F.2d 253 (3d Cir. 1990) ...............................................................................20

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...........................................................................23

### STATUTES

26 U.S.C.
    § 3403 ................................................................................................................27
    § 7344 ................................................................................................................17
    § 7434 ...........................................................................................................22, 23

Labor Management Relations Act
    § 301 .............................................................................................11, 18, 20, 21

New York Labor Law
    § 191(1)...............................................................................................................27
    § 193 ..................................................................................................................27

### OTHER AUTHORITIES

Federal Rules of Civil Procedure
    Rule 8..................................................................................................................24
    Rule 9(b) .................................................................................................11, 23, 24
    Rule 11................................................................................................................24
    Rule 12(e) ..........................................................................................................11
    Rule 12(f)............................................................................................................28

Mitchell
Silberberg &
Knupp LLP

12252411.2

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

## CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PREFACE

Plaintiff Sara DeRosa ("Plaintiff") was employed in New York, pursuant to a union contract, as a background or stand-in actor on the hit television show *Madam Secretary*.  Plaintiff has filed a sweeping proposed class action alleging a variety of disparate claims against a multitude of defendants related to that work.

Plaintiff's allegations, by and large, focus on the purported acts (or omissions) of Sessions Payroll Management, Inc. and its affiliates[1] – the third-party company that processed payroll for *Madam Secretary* and certain other ViacomCBS-affiliated productions in New York.

Plaintiff alleges, most strikingly, that Sessions falsified federal and state tax forms and failed to remit, in whole or part, federal, state and city payroll taxes, as well as pension and health plan contributions due under the collective bargaining agreement that governed her employment.  Plaintiff, moreover, alleges that her union's health and pension plans were aware of the latter underpayments, but did nothing about them in breach of their fiduciary duties to the union members.[2]

Plaintiff alleges a variety of additional claims, including causes of action for unpaid overtime and failure to issue New York Labor Law ("NYLL")-compliant notices and wage statements, as well as several derivative claims.

Defendants ViacomCBS Inc. and CBS Studios Inc. (the "ViacomCBS Defendants"), the producer defendants, are primarily moving as to three sets of claims – (a) the unpaid overtime claims, (b) the ViacomCBS Defendants' purported

---

[1] Co-defendants Sessions Payroll Management, Inc., Firsthand Productions, Inc., East End Productions, Inc., Snapshot Productions, Inc., Gail Levine and Gregg Levine are collectively referred to as "Sessions" or the "Payroll Defendants."

[2] This last claim is asserted only against co-defendants the Board of Trustees of the AFTRA Retirement Fund, SAG Producers Pension Plan and SAG-AFTRA Health Plan (collectively, the "Plan Defendants").  On June 16, 2020, Plaintiff and the Plan Defendants filed a joint stipulation to dismiss all claims against the Plan Defendants.  *See* ECF 30.  The stipulation remains pending before the Court.

failure to file proper tax forms, and (c) the unlawful wage deductions/conversion claims.

## II.   PLAINTIFF'S MORE DEFINITE STATEMENT OF THE CLAIMS

The ViacomCBS Defendants contemplated moving for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), as some of the Complaint's allegations, particularly as to the nature of Plaintiff's overtime and wage notice claims, were not fully clear.  But Plaintiff explained and clarified her claims in writing during the meet and confer process, clearing the way for a motion on the merits.  *See* ViacomCBS Defendants' Request for Judicial Notice ("RJN"), Ex. A.

## III.   INTRODUCTION

Plaintiff's claims are audacious in scope but not properly before this Court.

Plaintiff's **overtime claims** are grounded in the allegation that she and the proposed class did not receive all collective bargaining "premiums" to which they were entitled (i.e., additional payments for certain working conditions like working in snow; wearing certain costumes; working certain nighttime hours; etc.).  But such claims are clearly preempted by Section 301 of the Labor Management Relations Act ("Section 301"), as Plaintiff is seeking to enforce a right conferred solely by the collective bargaining agreement that governs her employment.

Plaintiff's **fraudulent filing** of information returns claim is based on the allegation that the information returns filed on Plaintiff's behalf intentionally, falsely under-reported Plaintiff's wages (as part of a scheme to pocket those funds).  But Plaintiff does not allege that the ViacomCBS Defendants filed such information returns, nor can she (as it was Sessions that filed them).  And Plaintiff wholly fails in any event to meet the heightened pleading requirements of Fed. R. Civ. Proc. 9(b).  The asserted claim sounds in fraud, but Plaintiff's Complaint focuses on Sessions', not the ViacomCBS Defendants', purported acts.  It must, but

Mitchell
Silberberg &
Knupp LLP

12252411.2

11

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

fails to plead what role the ViacomCBS Defendants played in the alleged fraud or that they acted with the requisite state of mind – i.e., that they willfully filed false returns or that they intended either to defraud the Internal Revenue Service or Social Security Administration or otherwise harass Plaintiff.

Plaintiff's **unlawful deduction/conversion** claims focus on Sessions' purported failure to fully remit payroll taxes to federal, state, and city taxing authorities on account of Plaintiff's and the putative class' wage earnings. But Plaintiff has not suffered any injury in fact and therefore lacks Article III standing to pursue these claims. Plaintiff does not allege that the deductions at issue were excessive or improper – only that they were not eventually remitted to the appropriate government authorities. Only those government authorities have any cognizable right to the money at issue.

These deficiencies are as mortal as they are incurable; the ViacomCBS Defendants' Motion to Dismiss should be granted with prejudice.

## IV.   KEY ALLEGATIONS

### A.   <u>Plaintiff's Employment/Proposed Class</u>

Plaintiff alleges that she was employed in New York as a background actor/stand-in on the television show *Madam Secretary*, but seeks to bring a proposed class action on behalf of "other stand-ins and background actors, working on shows such as 'The Good Fight,' 'Bull,' 'BrainDead,' and 'Madam Secretary,'" who were allegedly "subjected to the same practices." *See* Compl., ¶¶ 2, 10.

### B.   <u>Applicable Collective Bargaining Agreement</u>

Plaintiff's and the proposed class' employment was governed by an 800+ page collective bargaining agreement – the SAG-AFTRA Basic Agreement ("CBA") – negotiated by the Screen Actors Guild - American Federation of Television and Radio Artists ("SAG-AFTRA"). *See, e.g.*, Compl., ¶ 31 ("Pursuant to applicable collective bargaining agreements . . . ."); *see also* RJN, Ex. B at

Mitchell
Silberberg &
Knupp LLP

12252411.2

12

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

1   Schedule X, Part II, Section 1, p. 726 ("The Union is recognized by the Producers

2   as the **exclusive** bargaining agent for all background actors . . . who are employed

3   in the production of motion pictures in the [New York area].")[3] (emphasis added).[4]

4       **C.**    **Plaintiff's Claims**

5         Plaintiff's allegations can be broadly grouped into three primary categories

6   relevant to this Motion, summarized as follows.

7           **1.**    **Alleged "Overtime" Claims**

8         Plaintiff alleges – as clarified during the meet and confer process – that she

9   and the proposed class members did not receive all "premiums" to which they were

10   entitled under the CBA.  *See, e.g.*, Compl., ¶ 40 ("Plaintiff and Class Members

11   were entitled to additional pay for night time work."); RJN, Ex. A.

12         Plaintiff's Complaint makes express reference to one example – shift

13   differentials for night time work – but as Plaintiff's counsel made clear, the claim is

14   much broader:

15

---

16      [3] Stand-ins are a type of background actor.  RJN, Ex. B at Schedule X, Part II,

17   Section 3, p. 730.

   [4] While the CBA is not attached to the Complaint, it is repeatedly referenced in

18   the Complaint and certain of Plaintiff's claims are premised on its violation.  *See,*
*e.g.*, Ninth Cause of Action.  The CBA itself, thus, may be considered in ruling on

19   the ViacomCBS Defendants' Motion.  *See, e.g.*, *United Steel, Paper & Forestry,*
*Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips*

20   *Co.*, 2009 WL 1610074, at *3 (C.D. Cal. May 5, 2009) (considering CBA
referenced, but not attached to Complaint); *Coleman v. S. Wine & Spirits of Cal.,*

21   *Inc.*, 2011 WL 3359743, at *1, n.2 (N.D. Cal. Aug. 2, 2011) (same); *Smith v.*
*United Airlines, Inc.*, 2014 WL 4181978, at *1, n.1 (N.D. Cal. Aug. 22, 2014)

22   (considering CBA that formed basis for claim, but not attached to Complaint).

23      Even were the CBA not so expressly referenced or central to the claims
asserted, this Court "may take judicial notice of a CBA in evaluating a motion to

24   dismiss . . . . [as] such documents properly are considered [ ] materials 'not subject
to reasonable dispute' because they are 'capable of accurate and ready

25   determination by resort to sources whose accuracy cannot reasonably be
questioned.'"  *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187

26   (E.D. Cal. 2016) (quoting *Jones v. AT&T*, No. C 07–3888 JF (PR), 2008 WL
902292, *2 (N.D. Cal. Mar. 31, 2008)); *see also Johnson v. Sky Chefs, Inc.*, No. 11-

27   CV-05619-LHK, 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sept. 27, 2012) ("[c]ourts
routinely take judicial notice of the governing [CBA] where necessary to resolve

28   issues of preemption").

Mitchell
Silberberg &
Knupp LLP

12252411.2

13

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

"Ms. DeRosa is claiming on behalf of herself and the putative class that they did not receive all overtime premiums owed to them as background actors/stand-ins under the SAG-AFTRA agreement.  This includes claims to unpaid night shift premiums, as referenced in Paragraph 40 of the Complaint.  But that is just an example; this allegation is not limited to night shift premiums."

RJN, Ex. A (Plaintiff's counsel confirming accuracy of summary).

The CBA requires a myriad of premiums for different kinds of work, but a few examples follow:

- "A background actor required to get wet or to work in snow or smoke shall receive additional compensation of $14.00 per day."  RJN, Ex. B at Schedule X, Part II, Section 8, p. 741.

- "A background actor who is directed to and does have body make-up or oil applied to more than fifty percent (50%) of his body and/or is required to and does wear a rubber skull cap, and/or who is required to and does wear hair goods affixed with spirit gum (specified as wigs, beards, sideburns, mustaches or goatees) and/or who at the time of his employment is required to and does wear his own natural, full-grown beard as a condition of employment, shall be entitled to additional compensation of $18.00 ($19.00 effective September 24, 2014) per day. When a background actor is required to and does furnish his own hairpiece, he shall be paid additional compensation of $18.00 ($19.00 effective September 24, 2014) per day."  *Id*. at Schedule X, Part II, Section 9, p. 742.

Mitchell
Silberg &
Knupp LLP

12252411.2

14

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

- "When a background actor reports in the specified wardrobe and, in addition, brings one or more complete changes of wardrobe as requested by the Producer, excluding the types of wardrobe described in subparagraph B, he shall be entitled to an allowance of $9.00 per day for the first such change and $6.25 per day for each additional change, whether utilized or not; provided, however, that such allowance shall not be applicable to wardrobe furnished for and used on an overnight location." *Id*. at Schedule X, Part II, Section 9, p. 742-743.

- "A background actor who is directed to and who does furnish his automobile for photographic purposes shall be paid an automobile allowance of $35.00 ($37.50 effective September 24, 2014) per day." *Id*. at Schedule X, Part II, Section 19, p. 748.

- "For all work performed between the hours of 8:00 p.m. and 1:00 a.m., the background actor shall receive ten percent (10%) additional over and above any payment he is otherwise entitled to for such hours.  For all work performed between the hours of 1:00 a.m. and 6:00 a.m., the background actor shall receive twenty percent (20%) additional over and above any payment he is otherwise entitled to for such hours." *Id*. at Schedule X, Part II, Section 20, p. 750.

ViacomCBS Defendants' counsel counted no less than 30 different premium provisions in the CBA, including the five examples noted above.  *See id*., pp. 730-766.

Plaintiff further alleges that such premiums were not factored into Plaintiff's and the proposed class' "regular rate" for purposes of calculating overtime under the FLSA and NYLL.  *See, e.g.*, Compl., ¶ 40; RJN, Ex. A.

Plaintiff asserts four different causes of action based on this core claim:

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

- First Cause of Action for Unpaid Overtime – FLSA;
- Second Cause of Action for Unpaid Overtime – NYLL;
- Seventh Cause of Action for Failure to Timely Pay Wages – NYLL; and
- Tenth Cause of Action for Accounting.

While styled a claim for "overtime," Plaintiff and the class are really alleging a breach of the CBA – as the purported unpaid premiums underpin the claim. The alleged unpaid overtime, by contrast, is derivative.

### 2. Alleged Filing of Fraudulent Information Returns

Plaintiff, separately, alleges that Sessions intentionally filed false "information returns" (regarding the wages she and the proposed class earned on the productions) as part of a "complex and sophisticated scheme of theft and fraud." Compl., ¶ 1.

These factual allegations, however, are directed at Sessions, not the ViacomCBS Defendants. *See, e.g.,* Compl., ¶ 2 ("wages paid through Sessions Payroll had not been reported to" federal tax authorities); ¶ 3 ("numerous complaints to Sessions Payroll"); ¶ 33 (Plaintiff "discovered that her wages paid through Sessions Payroll each year since 2010 had not been reported to the SSA or the IRS."); ¶ 34 ("when she was paid through Sessions Payroll, there were multiple times each year when her earnings were underreported"); ¶ 36 ("no corrective action was taken by Sessions Payroll").

The website/webcast Plaintiff created to call attention to the claim she is now asserting, which is cited in her Complaint, likewise focuses on Sessions' purported malfeasance, not the ViacomCBS Defendants. *See* Compl., ¶ 36 n.6 ("*Sessions Payroll's Failure to Report Income – Affecting Stand-ins*"), ¶ 47 n.8 (same).

No similar allegations are made against the ViacomCBS Defendants; indeed, Plaintiff makes no factual allegations at all against the ViacomCBS Defendants on

Mitchell
Silberberg &
Knupp LLP

12252411.2

16

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

this point.  *See generally* Compl.[5]  To the contrary, Plaintiff specifically alleges, and thereby admits, that Sessions, not the ViacomCBS Defendants, was responsible for reporting her wages and remitting payroll taxes and pension and health deductions.  Plaintiff's Complaint could not be clearer on this point:

> Throughout the maximum statute of limitations period, Payroll and Staffing Defendants [defined as Sessions, *see* Compl., at 3:3-10] . . . provided services to VIACOMCBS, INC., and CBS TELEVISION STUDIOS. Such services included, but are not limited to, payroll services such as payroll compliance, making and transmitting payroll deductions and Retirement Plan and Health Plan contributions . . . ."

Compl., ¶ 21.

Plaintiff, despite the detailed allegations against Sessions and this admission regarding Sessions and the ViacomCBS Defendants' respective roles, nevertheless alleges in the most conclusory fashion that the ViacomCBS Defendants made fraudulent filings pursuant to 26 U.S.C. § 7344.  *See* Eighth Cause of Action, Compl., ¶ 115 ("Employer Defendants [defined to include the ViacomCBS Defendants, *see* Compl., at 3:12-13] have willfully filed fraudulent information returns for Plaintiff . . . that underreported the amount Employer Defendants withheld from Plaintiff's [and the proposed class'] wages for, *inter alia*, Medicare, Social Security, [etc.]").

### 3.     Unlawful Deductions/Conversion Claims

Plaintiff, finally, alleges that Sessions' failure to remit the noted payroll taxes constitutes an unlawful wage deduction under the NYLL (Third Cause of Action)

---

[5] The closest allegation is that Plaintiff asked the ViacomCBS Defendants to investigate the matter, but even then, she alleges that the outcome of that investigation was that the ViacomCBS Defendants stopped using Sessions' payroll services.  *See* Compl., ¶ 37.

Mitchell
Silberberg &
Knupp LLP

12252411.2

17

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

as well as common law conversion (Sixth Cause of Action), and that Plaintiff and the proposed class are entitled to an Accounting as a result (Seventh Cause of Action).  *See* Compl., ¶ 2 ("[D]eductions that had been made from her wages for Medicare, Social Security, Federal income tax, New York State income tax, and New York City income tax were not remitted to the proper government authorities"), ¶ 33 (similar), ¶ 37 ("Plaintiff's earnings that had been paid through Sessions Payroll still were not fully reflected on her SSA record, nor were all of her wage deductions remitted to the proper government authorities."); RJN, Ex. A.

## V.      LEGAL ARGUMENT – MOTION TO DISMISS

### A.      <u>Plaintiff's "Overtime" Claims Are Preempted by Section 301</u>

#### 1.      **Plaintiff's "Overtime" and Derivative Claims Allege Nothing More Than a Breach of the CBA and Are Preempted**

Plaintiff's "overtime" claims are clearly preempted by Section 301.

"[S]ection 301 preemption is extraordinarily strong" and exists to eliminate the "possibility that individual contract terms might have different meanings under state and federal law [as that] would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements."  *Moreau v. San Diego Transit Corp.*, 210 Cal. App. 3d 614, 622 (1989) (first quote); *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962) (second quote).

Section 301 preemption claims are analyzed under the two-step framework described in *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007):

> First, a court must determine whether the asserted
> cause of action involves a right conferred upon an
> employee by virtue of state law, not by a CBA.  **If the**
> **right exists solely as a result of the CBA, then the**

1    **claim is preempted, and the analysis ends there.**  If

2    the court determines that the right underlying the

3    plaintiff's state law claim(s) exists independently of

4    the CBA, it moves to the second step, asking whether

5    the right is nevertheless substantially dependent on

6    analysis of a collective-bargaining agreement.  Where

7    there is such substantial dependence, the state law

8    claim is preempted by § 301.

9    *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032-33 (9th Cir.

10   2016) (internal quotations and citations omitted) (emphasis added); *see also Alaska*

11   *Airlines v. Schurke*, 898 F.3d 904, 920-21 (9th Cir. 2018) ("If a claim arises

12   entirely from a right or duty of the CBA – for example, a claim for violation of the

13   labor agreement . . . it is, in effect, a CBA dispute in state law garb, and is

14   preempted.").  This concise summary both states the law and ends the inquiry.

15   　　Here, there can be no reasonable dispute that the allegedly-unpaid premiums

16   at issue (e.g., the failure to pay night differentials, for wardrobe changes, for

17   wearing certain kinds of make-up, etc.) are created solely by the CBA and are not

18   required by (nor do they even have any analogue in) the NYLL or the FLSA – and

19   Plaintiff does not and cannot allege otherwise.  As a result, because Plaintiff seeks

20   to enforce a "right [that] exists solely as a result of the CBA . . . the claim is

21   preempted, and the analysis ends there."  *Kobald*, 832 F.3d at 1032.

22   　　The same is true with respect to Plaintiff's miscalculation-of-the-regular-rate

23   allegations, as they necessarily depend upon whether the premiums should have

24   been paid in the first place.  Whenever a claim – even one in "state law [or FLSA]

25   garb" – is based on rights created solely by a CBA, it is preempted to the same

26

27

28

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS**
**INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

extent as claims directly alleging a breach of the CBA.[6]  *See*, *e.g.*, *Partida v. Stater Bros. Markets*, 2019 WL 1601387, at *4 (C.D. Cal. Feb. 19, 2019) (CBA provided for double-time for hours in excess of 10 per workday rather than state law standard of 12; "The Court finds that Plaintiff's Overtime Claim is preempted under *Burnside* prong 1 because the CBA confers rights on the Plaintiff which state law does not."); *Buckner v. Universal Television, LLC*, 2017 WL 5956678, at *2 (C.D. Cal. 2017) (CBA provided for overtime and "golden hours" that differed from state law and FLSA requirements; "the LMRA preempts Plaintiff's overtime claim under the first step of the *Burnside* test . . . Plaintiff's overtime rights arise exclusively out of the CBAs, and the LMRA preempts Plaintiff's overtime claim").

> ## 2. The CBA Contains A Detailed, Mandatory Grievance and Binding Arbitration Procedure, Making Dismissal The Proper Remedy

Where state law or FLSA claims are preempted by Section 301, the claims "must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law."  *Newberry v. Pac. Racing Ass'n.*, 854 F. 2d 1142, 1146 (9th Cir. 1988); *see also Olguin v. Inspiration Consol. Copper Co.*, 740 F. 2d 1468, 1474-75 (9th Cir. 1984) ("A complaint that is 'artfully pleaded' to avoid federal jurisdiction may be recharacterized as one arising under federal law"); *Seid v. Pac. Bell*, 635 F. Supp. 906, 910  (S.D. Cal. 1985) ("Precedent is clear that where a relationship is otherwise governed by a collective bargaining agreement, these state

---

[6] Section 301 also preempts FLSA claims derived from rights set forth in the CBA.  *See Vadino v. A. Valey Eng'rs,* 903 F.2d 253, 266 (3d Cir. 1990) (dismissing FLSA overtime claim dependent on interpreting the CBA because such claims "must be resolved pursuant to the procedures contemplated under the LMRA, specifically grievance, arbitration, and, when permissible, suit in federal court under section 301"); *Cantave v. Uptown Comm'ns & Elec., Inc.*, 2015 WL 4716539, at *6 (E.D.N.Y. Aug. 7, 2015) (FLSA claim preempted by Section 301 because it hinged on the CBA's definition of the terms of employment and thus must be brought in accordance with the CBA's grievance and arbitration provisions).

law theories are preempted, and subject to recharacterization as a Section 301 claim for breach of the collective bargaining agreement.")

Plaintiff, however, cannot pursue her claim for breach of the CBA in this Court, as the CBA provides for a grievance procedure and final and binding arbitration in the event of a continuing dispute.  This is Plaintiff's and the proposed class' sole and exclusive remedy for any purported breach of the CBA.  *See* RJN, Ex. B, Schedule X, Part II, Section 55, p. 775-778 (the CBA's grievance procedures "shall be" followed "[i]n the event of any disputes between . . . any background actor employed under this Schedule and the Producer with regard to the proper application of any of the provisions of this Schedule"); *see also Local 246 Util. Workers Union of Am. v. S. Cal. Edison Co.*, 852 F.2d 1083, 1087-88 (9th Cir. 1988) (plaintiff may not "sidestep available grievance procedures" under the applicable CBA).

The Court, therefore, **must** dismiss the claims; it cannot simply recharacterize them as Section 301 claims.  *Olguin*, 740 F. 2d at 1476 ("Once it became apparent that [Plaintiff's] complaint, however artfully pleaded, actually stated claims under federal law, the district court correctly held that all claims had to be dismissed.  [Plaintiff's] exclusive remedies lay under the grievance procedures of the collective bargaining agreement . . . he therefore cannot maintain a section 301 suit independent of the procedural requirements of the collective bargaining agreement."); *Seid*, 635 F. Supp. at 909 ("When a collective bargaining agreement provides that arbitration will be the exclusive remedy for employee grievances, an employee may not bring an action against the employer in lieu of seeking arbitration.").

This is dispositive of the following causes of action:

- First Cause of Action for Unpaid Overtime – FLSA;
- Second Cause of Action for Unpaid Overtime – NYLL;

Mitchell
Silberberg &
Knupp LLP

12252411.2

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

- Seventh Cause of Action for Failure to Timely Pay Wages – NYLL; [7] and

- Tenth Cause of Action for Accounting. [8]

### B.   Plaintiff's Fraudulent Filing Claim Fails as a Matter of Law

Plaintiff must allege the following elements to state a claim for fraudulent filing of information returns under 26 U.S.C. Section 7434:  "(1) Defendants filed an information return; (2) the information return was fraudulent; and (3) Defendants *willfully* filed the fraudulent return."  *Gidding v. Zurich American Ins. Co.*, 2015 WL 6871990, at *5 (N.D. Cal. Nov. 9, 2015) (italics in original).  But Plaintiff's Complaint fails to allege any of the elements, let alone all of them, **against the ViacomCBS Defendants**.

### 1.   First Element of the Claim:  Plaintiff Does Not Allege That the ViacomCBS Defendants Filed Any Information Return on Her Behalf

Section 7434(a) "authorizes the person on whose behalf the fraudulent information return was filed to bring a civil action for damages **against the person who filed it**."  *Gidding*, 2015 WL 6871990, at *5 (emphasis added).

Plaintiff does not (and cannot) allege that the ViacomCBS Defendants filed any "information returns" on her behalf because it was Sessions who filed the information returns at issue – as her own Complaint makes clear.  *See* Compl. ¶ 21 (Sessions "provided services to [the ViacomCBS Defendants, including] . . . payroll services such as payroll compliance, making and transmitting payroll

---

[7] Plaintiff's counsel clarified that Plaintiff's Seventh Cause of Action for Failure to Timely Pay Wages is wholly derivative of her overtime claims (i.e., if she and the proposed class members did not receive all pay to which they were entitled, it necessarily was not paid timely).  *See* RJN, Ex. A.

[8] Plaintiff's counsel also clarified that Plaintiff's Tenth Cause of Action for Accounting is partially derivative of her overtime claims and partially derivative of her unlawful deduction/conversion claims (addressed *infra*).  *See* RJN, Ex. A.  (The Tenth Cause of Action is Accounting is also asserted against the Plan Defendants, but the ViacomCBS Defendants are only moving as to themselves.)

Mitchell
Silberberg &
Knupp LLP

12252411.2

22

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

deductions . . ."); *see also* Compl., at ¶ 2 ("her wages paid through Sessions Payroll had not been reported to [the SSA] or [the IRS],"); *id*. at ¶ 3 (Plaintiff made "numerous complaints to Sessions Payroll" regarding payroll deductions); *id*. at ¶ 33 (Plaintiff "discovered that her wages paid through Sessions Payroll . . . had not been reported to the SSA or the IRS"); *id*. at ¶ 36 (citing a website entitled "*Sessions Payroll's Failure to Report Income – Affecting Stand-ins in the U.S.*"); *and compare* Compl., ¶¶ 14-17 (identifying Sessions as Plaintiff's employer of record on her wage statements and W-2s) *with id.* at ¶¶ 19-20 (reciprocal provisions making no such claim as to the ViacomCBS Defendants).

Plaintiff's failure to allege that the ViacomCBS Defendants ever filed any information return on her behalf is dispositive.  *See Gidding*, 2015 WL 6871990, at *6 (dismissing claim with prejudice because plaintiff failed to "allege that any of Defendants apart from [one] filed an information return with the IRS, and the Court believe[d] it unlikely that he could ever support such an allegation"); *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1298 (S.D. Fla. 2014) (dismissing claim with prejudice against one defendant because there was "no factual support" that he filed an information return).

## 2.     Second and Third Elements of the Claim: Plaintiff Has Not Alleged That the ViacomCBS Defendants Willfully Filed a Fraudulent Information Return

Claims sounding in fraud, such as Section 7434(a), require heightened pleading.  *See Goodwin v. Amazon Servs., LLC*, 2018 WL 1229698, at *2 (E.D. Cal. Mar. 8, 2018) ("As a claim pursuant to § 7434 alleges fraud by definition, Federal Rule . . . 9(b)'s heightened pleading standard applies.").  In other words, "[a]verments of fraud must be accompanied by the 'the who, what, when where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted).

Mitchell
Silberberg &
Knupp LLP

12252411.2

23

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.'S MOTION TO DISMISS & MOTION TO STRIKE**

Plaintiff pleads only that the "Employer Defendants have willfully filed fraudulent returns" and that they "willfully retained money they deducted from Plaintiff's . . . wages." *See* Compl. ¶ 115.  Plaintiff never specifically identifies the ViacomCBS Defendants or what they supposedly did in connection with this claim, instead lumping them into the "Employer Defendants."  Such group pleading is impermissible under Rule 9(b).  *See Gidding*, 2015 WL 6871990, at *6 ("where there are multiple defendants, [plaintiff] is required to allege with specificity each Defendant's wrongdoing"); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.").

Further, Plaintiff's bare conclusion that the Employer Defendants "willfully filed fraudulent returns" is insufficient to state a claim under Rule 8 or the heightened pleading standard under Rule 9(b).  *See Gidding*, 2015 WL 6871990, at *6 (holding the "bare conclusion that [defendant] willfully filed a false return" insufficient under Rules 8 and 9(b)); *Leon*, 51 F. Supp. 3d at 1298 (S.D. Fla. 2014) (finding that "[b]are assertions that Defendants 'knew' the returns to be false . . . without specific facts as to the who, what, when, why or how surrounding the actual filing of returns—does not meet the standard for pleading tax fraud.").

Given Plaintiff's admissions that Sessions, not the ViacomCBS Defendants, processed the payroll payments at issue, including associated filings and remittances, this claim should be dismissed as to the ViacomCBS Defendants **with prejudice –** as Plaintiff could never make the required allegations consistent with Fed. R. Civ. Proc. 11.

Mitchell
Silberberg &
Knupp LLP

12252411.2

24

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

## C.  **Plaintiff Lacks Standing with Respect to Her Unlawful Deductions and Conversion Claims**

Article III standing is a prerequisite to proceeding in federal court, but wholly absent here.

To establish such standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted).  A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. at 1549.  Rather, "[t]o establish injury-in-fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (citation omitted).  "A 'concrete' injury must be '*de facto*,' that is, it must actually exist." *Id*. (citation omitted).

Plaintiff has not suffered, let alone alleged, any injury-in-fact with respect to her unlawful deductions and conversion claims – Plaintiff's entire claim is premised on a payment not being made to a third-party, in this case, the government.  But that is insufficient to establish a concrete harm to Plaintiff.  *See, e.g.*, Compl. ¶ 2 ("deductions that had been made from her wages . . . were not remitted to the proper government agencies"); *see also id*. at ¶ 37 (not "all of her wage deductions remitted to the proper government agencies"), ¶ 39 ("Instead of remitting this money to the proper government agencies, it was retained"), ¶ 87 ("Defendants . . . failed to remit the money purportedly deducted from Plaintiff's . . . wages to the appropriate government agencies"), ¶ 102 ("Defendants did not remit to the government the sums of money they withheld from [Plaintiff's] wages").

*Cramer v. Javid*, 2010 WL 4968637 (Ohio App. 10 Dist., 2010), is directly on point.  In that case, the plaintiff asserted virtually identical claims relating to his

Mitchell
Silberberg &
Knupp LLP

12252411.2

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

1   employer's alleged failure to remit withholdings from his pay to the government.
2   But the Court held that the plaintiff lacked standing to pursue these claims,
3   explaining:

> An employer who fails to remit taxes withheld from its
> employees' wages is liable for the taxes it should have
> paid, and the IRS has means at its disposal to effect
> remittance . . . the employer may be penalized by the IRS
> for failure to pay the tax to it, but suits against it by
> employees for taxes withheld from the pay of such
> employees are statutorily barred.  **Because the IRS has
> no recourse against Cramer for the funds withheld
> from Cramer's severance pay for federal taxes,
> Cramer has suffered no injury in fact as a result of
> Aeon's alleged failure to remit those funds to the
> federal government.  Rather, it is the government that
> is 'out of pocket' and injured** . . . Cramer neither was
> entitled to the withheld funds nor is subject to liability to
> the government as a result of Aeon's alleged failure to
> remit those funds.  To the extent that Aeon withheld, but
> did not remit federal, state, and local taxes, Aeon may
> remain liable to the appropriate taxing authorities, but not
> to Cramer.  **Aeon's alleged failure to remit the withheld
> funds simply does not give rise to an injury in fact to
> Cramer.  Therefore, Cramer lacks standing to sue on
> that basis, no matter how Cramer frames his claims
> and no matter whether his claims are stated against
> Aeon or its agents.**

Mitchell
Silberberg &
Knupp LLP

12252411.2

1  *Id.* at *4-5 (emphasis added); *see also* 26 U.S.C. § 3403 (suits by employees for

2  taxes withheld from their paychecks are statutorily barred); *Aetna Cas. & Sur. Co.*

3  *v. Port of N.Y. Auth.*, 182 F. Supp. 671, 674 (S.D.N.Y. 1960) (failure of employer

4  to remit to government amounts withheld from wages would not give employees

5  any claim to amounts withheld).

6         As a result, Plaintiff's Third Cause of Action for Unlawful Deductions –

7  Violation of NYLL; Sixth Cause of Action for Conversion; and Tenth Cause of

8  Action for Accounting (to the extent based on this claim) must be dismissed with

9  prejudice.[9]

10 **VI.    LEGAL ARGUMENT – MOTION TO STRIKE**

11        Plaintiff pleads, in her Fifth Cause of Action, generally and broadly that she

12 and the proposed class members did not receive wage notices in compliance with

13 New York's Wage Theft Prevention Act ("WTPA").

14        The WTPA requires employers to provide a notice to employees at the time

15 of hire that contains information relating to the employer's name, address and

16 telephone number, as well as the rates of pay and basis therefore.  *See* Compl. ¶¶

17 41, 98; NYLL § 191(1).

18        Plaintiff's counsel clarified in writing, following the Local Rule 7-3

19 conference, that the current basis of her claim is **solely** that the employer entity was

20 not properly identified:

21             ViacomCBS Defendants' counsel:  "With respect to Ms.

22             DeRosa's WTPA claim (Fifth Cause of Action – NYLL),

23             Ms. DeRosa is claiming on behalf of herself and the

24             putative class that the employer entity was not identified

25

26        [9] New York Labor Law section 193 was not designed to address this kind of
   claim in any event.  *See, e.g., Gold v. Am. Med. Alert Corp.*, 2015 WL 4887525, at

27 *5 (S.D.N.Y. Aug. 17, 2015) (noting that the list of "authorized deductions" under
   § 193 are for a discrete purpose such as gym memberships, tuition, and day care,

28 and not expenses which are properly charged to the employer, not the employee).

Mitchell
Silberberg &
Knupp LLP

12252411.2

**DEFENDANTS VIACOMCBS INC. AND CBS STUDIOS
INC.' S MOTION TO DISMISS & MOTION TO STRIKE**

1  properly (or at all) at the outset of employment and that

2  the employer entity sometimes changed mid-employment

3  without notice – i.e., Sessions would list one affiliated

4  entity, but then switch to a different affiliated entity."

5

6  Plaintiff's counsel's response:  "Your summary of

7  Plaintiff's positions is accurate."

8  RJN, Ex. A.[10]

9  Plaintiff's counsel's clarification is at odds with Plaintiff's Complaint as

10  presently written, and all references suggesting that Plaintiff's Fifth Cause of

11  Action relates to any other purported violation of the WTPA should be stricken and

12  this claim should be limited to the alleged failure to identify the correct employer.

13  *See* Fed. R. Civ. P. 12(f); *Fantasy, Inc. v. Fogerty*, 984 F.3d 1524, 1527 (9th Cir.

14  1993) ("the function of a Rule 12(f) motion to strike is to avoid the expenditure of

15  time and money that must arise from litigating spurious issues by dispensing those

16  issues prior to trial"), *rev'd on other grounds*, 510 U.S. 517 (1994).

17

18

19

20

21

22

23

24

25

26

27

28

---

[10] Plaintiff's counsel reserved the possibility of asserting additional WTPA claims following discovery, but Plaintiff must have a good faith basis to assert any claims presently asserted in the Complaint.  As Plaintiff has no good faith basis to assert any other WTPA violation, those other allegations should be stricken, subject to Plaintiff seeking leave to amend the Complaint, if appropriate, in the future.

Mitchell
Silberberg &
Knupp LLP

12252411.2

28

## VII.   CONCLUSION

The ViacomCBS Defendants' Motions should be granted.


DATED: June 19, 2020                     SETH E. PIERCE
                                         BRIAN M. RAGEN
                                         COREY G. SINGER
                                         MITCHELL SILBERBERG & KNUPP LLP


                                By:  /s/ Seth E. Pierce
                                         Seth E. Pierce
                                         Attorneys for Defendants
                                         ViacomCBS Inc. and CBS Studios Inc.

Mitchell
Silberberg &
Knupp LLP

12252411.2