```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3            HONORABLE MARK C. SCARSI, JUDGE PRESIDING

 4   SARA DEROSA,                      )
                                       )
 5                                     )
                                       )
 6                   Plaintiff,        )
                                       )
 7                                     )
                                       )
 8         Vs.                         )   No. LACV20-02965-MCS
                                       )
 9                                     )
                                       )
10   VIACOMCBS, INC., ET AL,           )
                                       )
11                                     )
                                       )
12                   Defendants.       )
                                       )
13   _____)

14

15

16        REPORTER'S TRANSCRIPT OF TELEPHONIC PROCEEDINGS

17                     LOS ANGELES, CALIFORNIA

18                    MONDAY, DECEMBER 7, 2020

19

20

21            MIRIAM V. BAIRD, CSR 11893, CCRA
             OFFICIAL U.S. DISTRICT COURT REPORTER
22            411 WEST FOURTH STREET, SUITE 1-053
                SANTA ANA, CALIFORNIA 92701
23                    MVB11893@aol.com

24

25
```

**A P P E A R A N C E S**

| | |
|---|---|
| **IN BEHALF OF THE PLAINTIFF, SARA DEROSA:** | MARIA L. WEITZ<br>MALLORY WHITELAW<br>BOUCHER LLP<br>21600 OXNARD STREET SUITE 600<br>WOODLAND HILLS, CA 91367 |
| **IN BEHALF OF THE DEFENDANT, VIACOMCBS, INC., ET AL:** | COREY GENE SINGER<br>SETH PIERCE<br>MITCHELL SILBERBERG AND KNUPP LLP<br>2049 CENTURY PARK EAST 18TH FLOOR<br>LOS ANGELES, CA 90067 |

1    LOS ANGELES, CALIFORNIA; MONDAY, DECEMBER 7, 2020; 9:38 A.M.
2
3
4         THE CLERK:  Calling Item one.  L.A. CV20-2965, Sara
5    DeRosa versus ViacomCBS, Inc., et al., CBS Inc., et al.
6         MR. BOUCHER:  Good morning, Your Honor.
7         Raymond Boucher on behalf of the plaintiff.
8         MS. WEITZ:  Maria Weitz on behalf of the plaintiff.
9         MS. WHITELAW:  Mallory Whitelaw also on behalf of
10   the plaintiff.
11        MR. PIERCE:  Good morning, Your Honor.
12        Seth Pierce on behalf of the ViacomCBS, Inc., and
13   CBS Studio, Inc., defendants.  I have with me Corey Singer,
14   my colleague, and Gigi Davis in house counsel.
15        MR. BECK:  Good morning, Your Honor.
16        This is Paul Beck, B-e-c-k, on behalf of the
17   Sessions defendants that Sessions Payroll Management, Inc.;
18   Gail Levine and Gregg Levine.
19        THE COURT:  Thank you, Counsel. So we sent out a
20   tentative this morning just to try to focus the discussion a
21   bit.  I purposely put you guys behind the other two cases so
22   you might have an opportunity to read through it.  Let me
23   ask, Mr. Pierce, if you have some argument on the tentative?
24        MR. PIERCE:  Yes, Your Honor, thank you.
25        So when this case was filed, it focused on three

1   claims that are relevant to the pending motion.  The first
2   claim related to overtime, the second claim was the
3   fraudulent information return, and the third claim was the
4   failure to remit or alleged failure to remit faxes and other
5   pavements to third parties.
6           Plaintiffs, however, dismissed the overtime claims
7   by stipulation entered by this Court.  The remaining claims
8   at issue today, particularly, the timely wages or failure to
9   pay wages, accounting claim, conversion, unlawful deduction,
10  all as a result of that dismissal focused on the alternative
11  theory that by allegedly failing to make payments to third
12  parties, we delayed payments to the plaintiffs, or we owe
13  them an accounting or there's been conversion or unlawful
14  deduction.
15          That claim which is not, I don't believe, analyzed
16  in the tentative is at the crux of the issue.  It's the focus
17  of their opposition.  In their recent Rule 26(f) report,
18  there is no discussion of the overtime claim.  We don't
19  believe that's a viable basis for them to assert any of these
20  state law claims.  Primarily, because they have no interest
21  in those withheld funds.  The law on that is clear.  It's a
22  case we cite, the In re F.A. Dellastatious and Cramer all
23  make it clear.  I think the Court mentioned this at the end
24  of the its tentative, they don't have financial interest in
25  those funds.  They are owed to the government, and they are

1  not wages.  As a result, they can't be a converted wage.  It
2  can't be an untimely payment.  Plaintiff had no right or
3  entitlement to any of those funds.
4        Going then to the conversion and accounting claims
5  and the unlawful deduction claim, plaintiffs make three
6  arguments in support of the notion that they can have injury
7  in fact or standing to pursue those claims.  One is that the,
8  you know, the funds were wrongfully taken.  Those are not
9  their funds.  They could not be any taking that would satisfy
10 Article III.  I think that's in the Court's tentative.
11       The two alternative arguments are equally
12 problematic for them.  The Court raises the concept of the
13 risk of a potential audit.  However, Spokeo and Lujan make
14 clear that the injury in fact requirement requires an
15 imminent injury.  Plaintiff has been making allegations, as
16 their complaint makes clear, of this type of wrongdoing,
17 which we obviously dispute.  She's made the allegations going
18 back ten years.  There is no allegation she's ever been
19 audited by any entity in connection with these claims.
20 There's also no indication from her complaint that there is
21 any fear of an impending audit.
22       I think the case law is clear -- this is the Coons
23 case we cite in our papers -- the allegations of possible
24 future injury are insufficient.  Indeed, the Denny Hecker's
25 case that we cite as well, they actually dealt with a

1   situation where the car dealership in that case was
2   specifically being audited by the government, not even just a
3   fear of an audit, but an actual audit and investigation was
4   taking place.  The Court still held that was insufficient to
5   satisfy the Rule Article III standing requirement.
6           The final claim that they make is this reduction in
7   benefits argument.  The law is clear also that we cite in our
8   papers, Your Honor, that benefits from the federal government
9   Medicaid, Medicare, Social Security are based on the
10  reporting that is done not the failure to pay or the actual
11  contribute of the amount.  The actual contribution has no
12  impact on the benefit that is Ms. DeRosa or any potential
13  class member would get.  If the reporting is done, the
14  benefits are paid even if the funds are not transmitted by
15  the employer.  In that case, the IRS or other relevant
16  governemnt agency has a specific right, entitlement to go
17  after that defendant for the unpaid funds.  There is
18  absolutely no impact, no effect on Ms. DeRosa or any of the
19  other would-be class members.
20          From our perspective, there is no injury here that
21  she can claim to pursue either untimely wage claim, an
22  accounting conversion, or unlawful deduction claim because
23  she has no injury.  She suffered no loss.  She hasn't
24  articulated anyone in the complaint.
25          Now, if we still would be approaching the overtime

1  claim, as the Court's analysis seems to focus on,
2  particularly for the timely wages and part of the accounting
3  claim, you know, we raised the issue in our request for
4  judicial notice as to the prior meet-and-confer.  I
5  understand Your Honor has denied that request as to the
6  meet-and-confer correspondence.  I don't -- there's a
7  disconnect, clearly, between the Court's analysis and what we
8  were told by plaintiff's counsel as to the nature of overtime
9  claim, if it was still at play.
10         So if we're going to go down, in my view, the
11 rabbit hole of discussing claims not even in the complaint at
12 this point in time, I would ask in open court plaintiff's
13 counsel to identify exactly what the overtime claim is.  What
14 we were told during meet-and-confer discussion is different
15 than the claim that is discussed in the Court's tentative.
16         THE COURT:  I will get to that overtime claim in a
17 second.
18         Let me just ask you one thing back to your argument
19 standing for lack of an injury in fact.  You talked about
20 vulnerability to audits and penalties and your view on that.
21 What about the plaintiff's claim that she suffers a reduction
22 in Social Security and Medicare benefits that she'll be owed
23 based on the lack of payments?
24         MR. PIERCE:  I think the law is clear that we cite
25 in our papers, Your Honor, that benefits are determined based

1  on the reporting that is made, not the actual payment.  If a
2  defendant reports the amount or the employer reports the
3  amount to the IRS or other government agency, that is the
4  basis under which they will then make benefit calculation
5  determinations.  The fact that the employer fails to make the
6  payment has no impact whatsoever on the benefit that is
7  ultimately to be paid to the plaintiff.
8              THE COURT:  Okay.  Thank you, Counsel.  Let me turn
9  to the plaintiffs.
10             On that last issue we just discussed, why doesn't
11 that negate standing?  If the benefits are going to be paid
12 on reporting, is that really an issue that gives rise to any
13 damages?
14             MS. WEITZ:  Your Honor, this is Maria Weitz on
15 behalf of the plaintiff.  Plaintiffs allege in the complaint
16 not only that the amounts that were remitted to the
17 government did --
18             (Interruption on phone)
19             MS. WEITZ:  I'm not sure how much you heard.  So
20 I'll just restate that plaintiff's complaint actually alleges
21 inaccurate payments to the government and other agencies as
22 well as inaccurate reporting of her income.  Such that the
23 arguments that the defendant is making wouldn't apply as the
24 case is currently pled because her accurate wages were not
25 reported to the government, and, therefore, her benefits are

```
 1    subject to reduction.
 2              THE COURT:  So your arguing that not only were the
 3    payments deficient, but the reporting was inaccurate, which
 4    would give rise to potential reduction in Social Security and
 5    Medicare benefits; correct?
 6              MS. WEITZ:  Correct.
 7              THE COURT:  Now, let me ask you this:  The overtime
 8    claims, as I understood the papers, the issue you are raising
 9    is the overtime payments were not timely made under New York
10    labor law.  Is that -- is that the claim that you have in
11    this case?
12              MS. WEITZ:  The overtime claims in this case,
13    Your Honor, have been dismissed.
14              THE COURT:  Okay.  So there is no further claims on
15    overtime?
16              MS. WEITZ:  That is correct.
17              THE COURT:  Let me ask counsel for the defendant,
18    what about when we get to standing on damages, what about
19    this reporting issue that plaintiff is making?
20              MR. PIERCE:  Well, I guess I would like to
21    understand, Your Honor, because the only underreporting that
22    I understood was alleged in the complaint was based on the
23    alleged failure to pay overtime.  So if the overtime claim
24    has been dismissed, I think rightly because of the preemption
25    issue, then I don't understand the basis for the
```

| | |
|---|---|
| 1 | underreporting that they're alleging. |
| 2 | THE COURT: Counsel for the plaintiff. |
| 3 | MS. WEITZ: This is Maria Weitz on behalf of the |
| 4 | plaintiffs. The amounts that were paid to Ms. DeRosa were |
| 5 | not reported in full to the government. So, for example, if |
| 6 | she earned and was paid a thousand dollars, a thousand |
| 7 | dollars was not reported to the government. It would be some |
| 8 | amount less than that. That is clear from our complaint at |
| 9 | paragraphs 2, 5, 6, 39, 44, and 84 through 87. |
| 10 | MR. PIERCE: Your Honor, this is Seth Pierce for |
| 11 | the ViacomCBS defendants. That claim is predicated on the |
| 12 | notion, to my understanding, that the amount is wrong because |
| 13 | she did not receive all of the premiums that she claimed she |
| 14 | was entitled to or the overtime she claimed she was entitled |
| 15 | to. Not simply there was a clerical error or an intentional |
| 16 | clerical error in the amount that she was paid versus what |
| 17 | was reported to the government. |
| 18 | THE COURT: I'm trying to understand that point. |
| 19 | Counsel, what payments are we talking about here? So if the |
| 20 | overtime claims are gone, what is the -- what are the |
| 21 | payments that you're alleging were not properly reported? |
| 22 | MS. WEITZ: All of the payments. So Ms. DeRosa, |
| 23 | over the course of a year, would receive a certain amount of |
| 24 | pay. I will use again the $1,000 example. So if she |
| 25 | received $1,000 over the course of the tax year, her W-2s |

1    that she would receive stating her income for that year, and
2    those W-2s would include the amounts that were reported to
3    the government, those understated her income.
4            So, for example, perhaps the W-2 would say $800 in
5    income when, in actuality, she had earned and received a
6    thousand dollars of income.  So the reporting of tax amounts,
7    of withholdings, of pension amounts has been across the board
8    underreported on behalf of Ms. DeRosa as well as class
9    members.
10           So it's completely independent of any overtime
11   issues, any failure to pay overtime, because the amounts
12   actually received by Ms. DeRosa were not accurately reported
13   to any of the third-party entities that would owe her
14   benefits.
15           THE COURT:  So as I understand the claim you're
16   making, you're saying that the plaintiff was paid more money
17   than was actually reported to -- with respect to the payroll
18   reporting and, therefore, there's diminution in benefits that
19   she deserved.
20           MS. WEITZ:  Correct.
21           THE COURT:  So does New York law then still apply
22   to these claims?  If so, what specific provisions of New York
23   law?
24           MS. WEITZ:  New York law would still apply.  Under
25   Labor Law Sections 190 and 198-C, the failure to make

payments to third parties on -- that are intended for the benefit of the worker, that is considered wage theft.

THE COURT: Okay. I think I understand now.

I think there was some -- at least some confusion on our end about what the payments were that the parties were addressing here. I think there's some ambiguity in the complaint. I'm wondering if the parties would agree to the plaintiff filing a first amended complaint that clears up these issues. Then the defendants can file a subsequent motion to dismiss that complaint if there's still issues there with respect to standing and preemption.

MR. PIERCE: This is Seth Pierce for the defendant. Your Honor, we have no objection. I would only make one final point, which is even accepting plaintiff's counsel's characterization of the claim, I don't see how that can be an untimely payment claim under New York law because the issue is the reporting, not the actual provision of money to the plaintiff.

In her example, she's alleging that plaintiff was paid a thousand dollars, but then a lower amount was reported to the government. In that situation, I don't see how plaintiff hasn't been paid money that they were owed in which case how can there be untimely payment claim?

THE COURT: Yeah. Counsel, I am having the same issue with this case trying to understand what the claims

1   are.  So why don't we do that.  We'll have the plaintiff file
2   a first amended complaint, and the defendant can renew the
3   motion based on what we have in that complaint.
4           Counsel for plaintiff, how much time do you need to
5   put together a first amended complaint?
6           MS. WEITZ:  Your Honor, if we could have 14 days.
7   That would be workable for us.
8           THE COURT:  Okay.  That works.  Any questions,
9   Counsel?
10          MR. PIERCE:  Seth Pierce, Your Honor.  The only
11  thing I would request is perhaps a reasonable extension of
12  the deadline for us to file the motion only because of the
13  intervening holidays if they fall on the 21st.
14          THE COURT:  Sure.  So do you have a date in mind,
15  Counsel, when you want to file that motion?
16          MR. PIERCE:  Could we have until the 22nd of
17  January?
18          THE COURT:  Yes.  22nd of January will be when your
19  motion to dismiss should be filed.
20          Thank you, Counsel.
21          MR. PIERCE:  Thank you, Your Honor.
22          (Proceedings concluded at 9:54 a.m.)
23
24                          CERTIFICATE
25  I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

```
 1   TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN
 2   THE ABOVE MATTER.
 3   FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE
 4   REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE
 5   REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.
 6
 7   /s/ Miriam V. Baird              01/06/2021
 8   MIRIAM V. BAIRD                  DATE
     OFFICIAL REPORTER
 9
10   -
```

| $ | 9 | audits [1] - 7:20 |
|---|---|---|
| **$1,000** [2] - 10:24, 10:25 <br> **$800** [1] - 11:4 | **90067** [1] - 2:13 <br> **91367** [1] - 2:5 <br> **92701** [1] - 1:22 <br> **9:38** [1] - 3:1 <br> **9:54** [1] - 13:22 | **B** |
| **/** | | **BAIRD** [2] - 1:21, 14:8 <br> **Baird** [1] - 14:7 <br> **based** [5] - 6:9, 7:23, 7:25, 9:22, 13:3 <br> **basis** [3] - 4:19, 8:4, 9:25 <br> **BECK** [2] - 3:15, 3:16 <br> **Beck** [1] - 3:16 <br> **BEHALF** [2] - 2:3, 2:10 <br> **behalf** [8] - 3:7, 3:8, 3:9, 3:12, 3:16, 8:15, 10:3, 11:8 <br> **behind** [1] - 3:21 <br> **benefit** [4] - 6:12, 8:4, 8:6, 12:2 <br> **benefits** [10] - 6:7, 6:8, 6:14, 7:22, 7:25, 8:11, 8:25, 9:5, 11:14, 11:18 <br> **between** [1] - 7:7 <br> **bit** [1] - 3:21 <br> **board** [1] - 11:7 <br> **Boucher** [1] - 3:7 <br> **BOUCHER** [2] - 2:4, 3:6 |
| **/s** [1] - 14:7 | **A** | |
| **0** | **A.M** [1] - 3:1 <br> **a.m** [1] - 13:22 <br> **ABOVE** [1] - 14:2 <br> **absolutely** [1] - 6:18 <br> **accepting** [1] - 12:14 <br> **accounting** [5] - 4:9, 4:13, 5:4, 6:22, 7:2 <br> **accurate** [1] - 8:24 <br> **accurately** [1] - 11:12 <br> **actual** [5] - 6:3, 6:10, 6:11, 8:1, 12:17 <br> **actuality** [1] - 11:5 <br> **addressing** [1] - 12:6 <br> **agencies** [1] - 8:21 <br> **agency** [2] - 6:16, 8:3 <br> **agree** [1] - 12:7 <br> **AL** [2] - 1:10, 2:10 <br> **al** [2] - 3:5 <br> **allegation** [1] - 5:18 <br> **allegations** [3] - 5:15, 5:17, 5:23 <br> **allege** [1] - 8:15 <br> **alleged** [3] - 4:4, 9:22, 9:23 <br> **allegedly** [1] - 4:11 <br> **alleges** [1] - 8:20 <br> **alleging** [3] - 10:1, 10:21, 12:19 <br> **alternative** [2] - 4:10, 5:11 <br> **ambiguity** [1] - 12:6 <br> **amended** [3] - 12:8, 13:2, 13:5 <br> **amount** [8] - 6:11, 8:2, 8:3, 10:8, 10:12, 10:16, 10:23, 12:20 <br> **amounts** [6] - 8:16, 10:4, 11:2, 11:6, 11:7, 11:11 <br> **ANA** [1] - 1:22 <br> **analysis** [2] - 7:1, 7:7 <br> **analyzed** [1] - 4:15 <br> **AND** [2] - 2:11, 13:25 <br> **AND/OR** [1] - 14:4 <br> **ANDREW** [1] - 1:3 <br> **ANGELES** [3] - 1:17, 2:13, 3:1 <br> **ANY** [1] - 14:3 <br> **apply** [3] - 8:23, 11:21, 11:24 <br> **approaching** [1] - 6:25 <br> **ARE** [1] - 14:4 <br> **arguing** [1] - 9:2 <br> **argument** [3] - 3:23, 6:7, 7:18 <br> **arguments** [3] - 5:6, 5:11, 8:23 <br> **Article** [2] - 5:10, 6:5 <br> **articulated** [1] - 6:24 <br> **assert** [1] - 4:19 <br> **audit** [4] - 5:13, 5:21, 6:3 <br> **audited** [2] - 5:19, 6:2 | |
| **01/06/2021** [1] - 14:7 | | **C** |
| **1** | | **CA** [2] - 2:5, 2:13 <br> **calculation** [1] - 8:4 <br> **CALIFORNIA** [4] - 1:2, 1:17, 1:22, 3:1 <br> **car** [1] - 6:1 <br> **case** [12] - 3:25, 4:22, 5:22, 5:23, 5:25, 6:1, 6:15, 8:24, 9:11, 9:12, 12:23, 12:25 <br> **cases** [1] - 3:21 <br> **CBS** [2] - 3:5, 3:13 <br> **CCRA** [1] - 1:21 <br> **CENTRAL** [1] - 1:2 <br> **CENTURY** [1] - 2:12 <br> **certain** [1] - 10:23 <br> **CERTIFICATE** [1] - 13:24 <br> **CERTIFY** [1] - 13:25 <br> **characterization** [1] - 12:15 <br> **CHARGED** [1] - 14:3 <br> **CIRCUIT** [1] - 14:3 <br> **cite** [5] - 4:22, 5:23, 5:25, 6:7, 7:24 <br> **claim** [25] - 4:2, 4:3, 4:9, 4:15, 4:18, 5:5, 6:6, 6:21, 6:22, 7:1, 7:3, 7:9, 7:13, 7:15, 7:16, 7:21, 9:10, 9:23, 10:11, 11:15, 12:15, 12:16, 12:23 <br> **claimed** [2] - 10:13, 10:14 <br> **claims** [14] - 4:1, 4:6, 4:7, 4:20, 5:4, 5:7, 5:19, 7:11, 9:8, 9:12, 9:14, 10:20, 11:22, 12:25 <br> **class** [3] - 6:13, 6:19, 11:8 <br> **clear** [8] - 4:21, 4:23, 5:14, 5:16, 5:22, 6:7, 7:24, 10:8 <br> **clearly** [1] - 7:7 <br> **clears** [1] - 12:8 <br> **clerical** [2] - 10:15, 10:16 <br> **CLERK** [1] - 3:4 <br> **colleague** [1] - 3:14 |
| **1-053** [1] - 1:22 <br> **11893** [1] - 1:21 <br> **14** [1] - 13:6 <br> **18TH** [1] - 2:12 <br> **190** [1] - 11:25 <br> **198-C** [1] - 11:25 | | |
| **2** | | |
| **2** [1] - 10:9 <br> **2020** [2] - 1:18, 3:1 <br> **2049** [1] - 2:12 <br> **21600** [1] - 2:4 <br> **21st** [1] - 13:13 <br> **22nd** [2] - 13:16, 13:18 <br> **26(f** [1] - 4:17 | | |
| **3** | | |
| **39** [1] - 10:9 | | |
| **4** | | |
| **411** [1] - 1:22 <br> **44** [1] - 10:9 | | |
| **5** | | |
| **5** [1] - 10:9 | | |
| **6** | | |
| **6** [1] - 10:9 <br> **600** [1] - 2:5 | | |
| **7** | | |
| **7** [2] - 1:18, 3:1 | | |
| **8** | | |
| **84** [1] - 10:9 <br> **87** [1] - 10:9 | | |

**complaint** [14] - 5:16, 5:20, 6:24, 7:11, 8:15, 8:20, 9:22, 10:8, 12:7, 12:8, 12:10, 13:2, 13:3, 13:5
**completely** [1] - 11:10
**concept** [1] - 5:12
**concluded** [1] - 13:22
**confer** [3] - 7:4, 7:6, 7:14
**CONFERENCE** [1] - 14:5
**CONFORMANCE** [1] - 14:4
**confusion** [1] - 12:4
**connection** [1] - 5:19
**considered** [1] - 12:2
**contribute** [1] - 6:11
**contribution** [1] - 6:11
**conversion** [4] - 4:9, 4:13, 5:4, 6:22
**converted** [1] - 5:1
**Coons** [1] - 5:22
**COREY** [1] - 2:10
**Corey** [1] - 3:13
**CORRECT** [1] - 13:25
**correct** [4] - 9:5, 9:6, 9:16, 11:20
**correspondence** [1] - 7:6
**Counsel** [5] - 3:19, 8:8, 13:9, 13:15, 13:20
**counsel** [8] - 3:14, 7:8, 7:13, 9:17, 10:2, 10:19, 12:24, 13:4
**counsel's** [1] - 12:14
**course** [2] - 10:23, 10:25
**COURT** [18] - 1:1, 1:21, 3:19, 7:16, 8:8, 9:2, 9:7, 9:14, 9:17, 10:2, 10:18, 11:15, 11:21, 12:3, 12:24, 13:8, 13:14, 13:18
**Court** [4] - 4:7, 4:23, 5:12, 6:4
**court** [1] - 7:12
**Court's** [4] - 5:10, 7:1, 7:7, 7:15
**Cramer** [1] - 4:22
**crux** [1] - 4:16
**CSR** [1] - 1:21
**CV20-2965** [1] - 3:4

**D**

**damages** [2] - 8:13, 9:18
**date** [1] - 13:14
**DATE** [1] - 14:8
**Davis** [1] - 3:14
**days** [1] - 13:6
**deadline** [1] - 13:12
**dealership** [1] - 6:1
**dealt** [1] - 5:25
**DECEMBER** [2] - 1:18, 3:1
**deduction** [4] - 4:9, 4:14, 5:5, 6:22
**DEFENDANT** [1] - 2:10
**defendant** [6] - 6:17, 8:2, 8:23, 9:17, 12:12, 13:2
**Defendants** [1] - 1:12
**defendants** [4] - 3:13, 3:17, 10:11, 12:9
**deficient** [1] - 9:3
**delayed** [1] - 4:12

**Dellastatious** [1] - 4:22
**denied** [1] - 7:5
**Denny** [1] - 5:24
**DEPOSIT** [1] - 14:4
**DeRosa** [7] - 3:5, 6:12, 6:18, 10:4, 10:22, 11:8, 11:12
**DEROSA** [2] - 1:4, 2:3
**deserved** [1] - 11:19
**determinations** [1] - 8:5
**determined** [1] - 7:25
**different** [1] - 7:14
**diminution** [1] - 11:18
**disconnect** [1] - 7:7
**discussed** [2] - 7:15, 8:10
**discussing** [1] - 7:11
**discussion** [3] - 3:20, 4:18, 7:14
**dismiss** [2] - 12:10, 13:19
**dismissal** [1] - 4:10
**dismissed** [3] - 4:6, 9:13, 9:24
**dispute** [1] - 5:17
**DISTRICT** [3] - 1:1, 1:2, 1:21
**dollars** [4] - 10:6, 10:7, 11:6, 12:20
**done** [2] - 6:10, 6:13
**down** [1] - 7:10
**during** [1] - 7:14

**E**

**earned** [2] - 10:6, 11:5
**EAST** [1] - 2:12
**effect** [1] - 6:18
**either** [1] - 6:21
**employer** [3] - 6:15, 8:2, 8:5
**end** [2] - 4:23, 12:5
**entered** [1] - 4:7
**entities** [1] - 11:13
**entitled** [2] - 10:14
**entitlement** [2] - 5:3, 6:16
**entity** [1] - 5:19
**equally** [1] - 5:11
**error** [2] - 10:15, 10:16
**ET** [2] - 1:10, 2:10
**et** [2] - 3:5
**exactly** [1] - 7:13
**example** [4] - 10:5, 10:24, 11:4, 12:19
**extension** [1] - 13:11

**F**

**F.A** [1] - 4:22
**fact** [4] - 5:7, 5:14, 7:19, 8:5
**failing** [1] - 4:11
**fails** [1] - 8:5
**failure** [7] - 4:4, 4:8, 6:10, 9:23, 11:11, 11:25
**fall** [1] - 13:13
**faxes** [1] - 4:4
**fear** [2] - 5:21, 6:3
**federal** [1] - 6:8

**FEE** [1] - 14:3
**FEES** [1] - 14:3
**file** [4] - 12:9, 13:1, 13:12, 13:15
**filed** [2] - 3:25, 13:19
**filing** [1] - 12:8
**final** [2] - 6:6, 12:14
**financial** [1] - 4:24
**first** [4] - 4:1, 12:8, 13:2, 13:5
**FLOOR** [1] - 2:12
**focus** [3] - 3:20, 4:16, 7:1
**focused** [2] - 3:25, 4:10
**FOR** [1] - 14:3
**FOREGOING** [1] - 13:25
**FOURTH** [1] - 1:22
**fraudulent** [1] - 4:3
**full** [1] - 10:5
**funds** [7] - 4:21, 4:25, 5:3, 5:8, 5:9, 6:14, 6:17
**future** [1] - 5:24

**G**

**Gail** [1] - 3:18
**GENE** [1] - 2:10
**Gigi** [1] - 3:14
**governemnt** [1] - 6:16
**government** [12] - 4:25, 6:2, 6:8, 8:3, 8:17, 8:21, 8:25, 10:5, 10:7, 10:17, 11:3, 12:21
**Gregg** [1] - 3:18
**guess** [1] - 9:20
**GUILFORD** [1] - 1:3
**guys** [1] - 3:21

**H**

**heard** [1] - 8:19
**Hecker's** [1] - 5:24
**held** [1] - 6:4
**HEREBY** [1] - 13:25
**HILLS** [1] - 2:5
**hole** [1] - 7:11
**holidays** [1] - 13:13
**Honor** [15] - 3:6, 3:11, 3:15, 3:24, 6:8, 7:5, 7:25, 8:14, 9:13, 9:21, 10:10, 12:13, 13:6, 13:10, 13:21
**HONORABLE** [1] - 1:3
**house** [1] - 3:14

**I**

**identify** [1] - 7:13
**III** [2] - 5:10, 6:5
**imminent** [1] - 5:15
**impact** [3] - 6:12, 6:18, 8:6
**impending** [1] - 5:21
**IN** [4] - 2:3, 2:10, 14:1, 14:4
**inaccurate** [3] - 8:21, 8:22, 9:3
**Inc** [5] - 3:5, 3:12, 3:13, 3:17
**INC** [2] - 1:10, 2:10

**include** [1] - 11:2
**income** [5] - 8:22, 11:1, 11:3, 11:5, 11:6
**indeed** [1] - 5:24
**independent** [1] - 11:10
**indication** [1] - 5:20
**information** [1] - 4:3
**injury** [7] - 5:6, 5:14, 5:15, 5:24, 6:20, 6:23, 7:19
**insufficient** [2] - 5:24, 6:4
**intended** [1] - 12:1
**intentional** [1] - 10:15
**interest** [2] - 4:20, 4:24
**interruption** [1] - 8:18
**intervening** [1] - 13:13
**investigation** [1] - 6:3
**IRS** [2] - 6:15, 8:3
**IS** [1] - 13:25
**issue** [10] - 4:8, 4:16, 7:3, 8:10, 8:12, 9:8, 9:19, 9:25, 12:16, 12:25
**issues** [3] - 11:11, 12:9, 12:10
**Item** [1] - 3:4

### J

**January** [2] - 13:17, 13:18
**JUDGE** [1] - 1:3
**JUDICIAL** [1] - 14:5
**judicial** [1] - 7:4

### K

**KNUPP** [1] - 2:11

### L

**L.A** [1] - 3:4
**Labor** [1] - 11:25
**labor** [1] - 9:10
**lack** [2] - 7:19, 7:23
**LACV20-02965-MCS** [1] - 1:8
**last** [1] - 8:10
**law** [10] - 4:20, 4:21, 5:22, 6:7, 7:24, 9:10, 11:21, 11:23, 11:24, 12:16
**Law** [1] - 11:25
**least** [1] - 12:4
**less** [1] - 10:8
**LESS** [1] - 14:3
**Levine** [2] - 3:18
**LLP** [2] - 2:4, 2:11
**LOS** [3] - 1:17, 2:13, 3:1
**loss** [1] - 6:23
**lower** [1] - 12:20
**Lujan** [1] - 5:13

### M

**Mallory** [1] - 3:9
**MALLORY** [1] - 2:3
**Management** [1] - 3:17
**MARIA** [1] - 2:3

**Maria** [3] - 3:8, 8:14, 10:3
**MATTER** [1] - 14:2
**Medicaid** [1] - 6:9
**Medicare** [3] - 6:9, 7:22, 9:5
**meet** [3] - 7:4, 7:6, 7:14
**meet-and-confer** [3] - 7:4, 7:6, 7:14
**member** [1] - 6:13
**members** [2] - 6:19, 11:9
**mentioned** [1] - 4:23
**might** [1] - 3:22
**mind** [1] - 13:14
**MIRIAM** [2] - 1:21, 14:8
**Miriam** [1] - 14:7
**MITCHELL** [1] - 2:11
**MONDAY** [2] - 1:18, 3:1
**money** [3] - 11:16, 12:17, 12:22
**morning** [4] - 3:6, 3:11, 3:15, 3:20
**motion** [6] - 4:1, 12:10, 13:3, 13:12, 13:15, 13:19
**MR** [11] - 3:6, 3:11, 3:15, 3:24, 7:24, 9:20, 10:10, 12:12, 13:10, 13:16, 13:21
**MS** [12] - 3:8, 3:9, 8:14, 8:19, 9:6, 9:12, 9:16, 10:3, 10:22, 11:20, 11:24, 13:6
**MVB11893@aol.com** [1] - 1:23

### N

**nature** [1] - 7:8
**need** [1] - 13:4
**negate** [1] - 8:11
**New** [5] - 9:9, 11:21, 11:22, 11:24, 12:16
**notice** [1] - 7:4
**notion** [2] - 5:6, 10:12

### O

**objection** [1] - 12:13
**obviously** [1] - 5:17
**OF** [7] - 1:2, 1:16, 2:3, 2:10, 14:1, 14:5
**OFFICIAL** [2] - 1:21, 14:8
**one** [4] - 3:4, 5:7, 7:18, 12:13
**open** [1] - 7:12
**opportunity** [1] - 3:22
**opposition** [1] - 4:17
**overtime** [17] - 4:2, 4:6, 4:18, 6:25, 7:8, 7:13, 7:16, 9:7, 9:9, 9:12, 9:15, 9:23, 10:14, 10:20, 11:10, 11:11
**owe** [2] - 4:12, 11:13
**owed** [3] - 4:25, 7:22, 12:22
**OXNARD** [1] - 2:4

### P

**paid** [9] - 6:14, 8:7, 8:11, 10:4, 10:6, 10:16, 11:16, 12:20, 12:22
**papers** [4] - 5:23, 6:8, 7:25, 9:8
**paragraphs** [1] - 10:9
**PARK** [1] - 2:12
**part** [1] - 7:2

**particularly** [2] - 4:8, 7:2
**parties** [5] - 4:5, 4:12, 12:1, 12:5, 12:7
**party** [1] - 11:13
**Paul** [1] - 3:16
**pavements** [1] - 4:5
**pay** [5] - 4:9, 6:10, 9:23, 10:24, 11:11
**payment** [5] - 5:2, 8:1, 8:6, 12:16, 12:23
**payments** [11] - 4:11, 4:12, 7:23, 8:21, 9:3, 9:9, 10:19, 10:21, 10:22, 12:1, 12:5
**Payroll** [1] - 3:17
**payroll** [1] - 11:17
**penalties** [1] - 7:20
**pending** [1] - 4:1
**pension** [1] - 11:7
**perhaps** [2] - 11:4, 13:11
**perspective** [1] - 6:20
**phone** [1] - 8:18
**pierce** [1] - 3:23
**PIERCE** [10] - 2:10, 3:11, 3:24, 7:24, 9:20, 10:10, 12:12, 13:10, 13:16, 13:21
**Pierce** [4] - 3:12, 10:10, 12:12, 13:10
**place** [1] - 6:4
**Plaintiff** [1] - 1:6
**plaintiff** [16] - 3:7, 3:8, 3:10, 5:2, 5:15, 8:7, 8:15, 9:19, 10:2, 11:16, 12:8, 12:18, 12:19, 12:22, 13:1, 13:4
**PLAINTIFF** [1] - 2:3
**plaintiff's** [5] - 7:8, 7:12, 7:21, 8:20, 12:14
**plaintiffs** [6] - 4:6, 4:12, 5:5, 8:9, 8:15, 10:4
**play** [1] - 7:9
**pled** [1] - 8:24
**point** [3] - 7:12, 10:18, 12:14
**possible** [1] - 5:23
**potential** [3] - 5:13, 6:12, 9:4
**predicated** [1] - 10:11
**preemption** [2] - 9:24, 12:11
**premiums** [1] - 10:13
**PRESIDING** [1] - 1:3
**primarily** [1] - 4:20
**problematic** [1] - 5:12
**proceedings** [1] - 13:22
**PROCEEDINGS** [2] - 1:16, 14:1
**properly** [1] - 10:21
**provision** [1] - 12:17
**provisions** [1] - 11:22
**purposely** [1] - 3:21
**pursue** [2] - 5:7, 6:21
**put** [2] - 3:21, 13:5

### Q

**questions** [1] - 13:8

### R

**rabbit** [1] - 7:11

**raised** [1] - 7:3
**raises** [1] - 5:12
**raising** [1] - 9:8
**Raymond** [1] - 3:7
**re** [1] - 4:22
**read** [1] - 3:22
**really** [1] - 8:12
**reasonable** [1] - 13:11
**receive** [3] - 10:13, 10:23, 11:1
**received** [3] - 10:25, 11:5, 11:12
**recent** [1] - 4:17
**RECORDED** [1] - 14:1
**reduction** [4] - 6:6, 7:21, 9:1, 9:4
**REDUCTION** [1] - 14:4
**REGULATIONS** [1] - 14:5
**related** [1] - 4:2
**relevant** [2] - 4:1, 6:15
**remaining** [1] - 4:7
**remit** [2] - 4:4
**remitted** [1] - 8:16
**renew** [1] - 13:2
**report** [1] - 4:17
**reported** [9] - 8:25, 10:5, 10:7, 10:17, 10:21, 11:2, 11:12, 11:17, 12:20
**REPORTER** [2] - 1:21, 14:8
**REPORTER'S** [1] - 1:16
**reporting** [10] - 6:10, 6:13, 8:1, 8:12, 8:22, 9:3, 9:19, 11:6, 11:18, 12:17
**reports** [2] - 8:2
**request** [3] - 7:3, 7:5, 13:11
**requirement** [2] - 5:14, 6:5
**requires** [1] - 5:14
**respect** [2] - 11:17, 12:11
**restate** [1] - 8:20
**result** [2] - 4:10, 5:1
**return** [1] - 4:3
**rightly** [1] - 9:24
**rise** [2] - 8:12, 9:4
**risk** [1] - 5:13
**Rule** [2] - 4:17, 6:5

### S

**SANTA** [1] - 1:22
**Sara** [1] - 3:4
**SARA** [2] - 1:4, 2:3
**satisfy** [2] - 5:9, 6:5
**second** [2] - 4:2, 7:17
**Sections** [1] - 11:25
**Security** [3] - 6:9, 7:22, 9:4
**see** [2] - 12:15, 12:21
**sent** [1] - 3:19
**Sessions** [2] - 3:17
**SETH** [1] - 2:10
**Seth** [4] - 3:12, 10:10, 12:12, 13:10
**SILBERBERG** [1] - 2:11
**simply** [1] - 10:15
**SINGER** [1] - 2:10
**Singer** [1] - 3:13

**situation** [2] - 6:1, 12:21
**Social** [3] - 6:9, 7:22, 9:4
**specific** [2] - 6:16, 11:22
**specifically** [1] - 6:2
**Spokeo** [1] - 5:13
**standing** [6] - 5:7, 6:5, 7:19, 8:11, 9:18, 12:11
**state** [1] - 4:20
**STATES** [2] - 1:1, 14:5
**stating** [1] - 11:1
**STENOGRAPHICALLY** [1] - 14:1
**still** [6] - 6:4, 6:25, 7:9, 11:21, 11:24, 12:10
**stipulation** [1] - 4:7
**STREET** [2] - 1:22, 2:4
**Studio** [1] - 3:13
**subject** [1] - 9:1
**subsequent** [1] - 12:9
**suffered** [1] - 6:23
**suffers** [1] - 7:21
**SUITE** [2] - 1:22, 2:4
**support** [1] - 5:6

### T

**tax** [2] - 10:25, 11:6
**TELEPHONIC** [1] - 1:16
**ten** [1] - 5:18
**tentative** [6] - 3:20, 3:23, 4:16, 4:24, 5:10, 7:15
**THAT** [1] - 13:25
**THE** [25] - 2:3, 2:10, 3:4, 3:19, 7:16, 8:8, 9:2, 9:7, 9:14, 9:17, 10:2, 10:18, 11:15, 11:21, 12:3, 12:24, 13:8, 13:14, 13:18, 13:25, 14:1, 14:2, 14:4, 14:5
**theft** [1] - 12:2
**theory** [1] - 4:11
**therefore** [2] - 8:25, 11:18
**third** [5] - 4:3, 4:5, 4:11, 11:13, 12:1
**third-party** [1] - 11:13
**THIS** [1] - 14:3
**thousand** [4] - 10:6, 11:6, 12:20
**three** [2] - 3:25, 5:5
**timely** [3] - 4:8, 7:2, 9:9
**today** [1] - 4:8
**together** [1] - 13:5
**TRANSCRIPT** [3] - 1:16, 14:1, 14:3
**transmitted** [1] - 6:14
**TRUE** [1] - 13:25
**try** [1] - 3:20
**trying** [2] - 10:18, 12:25
**turn** [1] - 8:8
**two** [2] - 3:21, 5:11
**type** [1] - 5:16

### U

**U.S** [1] - 1:21
**ultimately** [1] - 8:7

**under** [4] - 8:4, 9:9, 11:24, 12:16
**underreported** [1] - 11:8
**underreporting** [2] - 9:21, 10:1
**understated** [1] - 11:3
**understood** [2] - 9:8, 9:22
**UNITED** [2] - 1:1, 14:5
**unlawful** [4] - 4:9, 4:13, 5:5, 6:22
**unpaid** [1] - 6:17
**untimely** [4] - 5:2, 6:21, 12:16, 12:23
**up** [1] - 12:8

### V

**versus** [2] - 3:5, 10:16
**viable** [1] - 4:19
**VIACOMCBS** [2] - 1:10, 2:10
**ViacomCBS** [3] - 3:5, 3:12, 10:11
**view** [2] - 7:10, 7:20
**Vs** [1] - 1:8
**vulnerability** [1] - 7:20

### W

**W-2** [1] - 11:4
**W-2s** [2] - 10:25, 11:2
**wage** [3] - 5:1, 6:21, 12:2
**wages** [5] - 4:8, 4:9, 5:1, 7:2, 8:24
**Weitz** [3] - 3:8, 8:14, 10:3
**WEITZ** [12] - 2:3, 3:8, 8:14, 8:19, 9:6, 9:12, 9:16, 10:3, 10:22, 11:20, 11:24, 13:6
**WEST** [1] - 1:22
**whatsoever** [1] - 8:6
**WHITELAW** [2] - 2:3, 3:9
**Whitelaw** [1] - 3:9
**WITH** [1] - 14:4
**withheld** [1] - 4:21
**withholdings** [1] - 11:7
**wondering** [1] - 12:7
**WOODLAND** [1] - 2:5
**workable** [1] - 13:7
**worker** [1] - 12:2
**works** [1] - 13:8
**would-be** [1] - 6:19
**wrongdoing** [1] - 5:16
**wrongfully** [1] - 5:8

### Y

**year** [3] - 10:23, 10:25, 11:1
**years** [1] - 5:18
**York** [5] - 9:9, 11:21, 11:22, 11:24, 12:16