Raymond P. Boucher, State Bar No. 115364
 ray@boucher.la
Shehnaz M. Bhujwala, State Bar No. 223484
 bhujwala@boucher.la
Maria L. Weitz, State Bar No. 268100
 weitz@boucher.la
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:   (818) 340-5400
Fax:   (818) 340-5401

*Attorneys for Plaintiff and Putative Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SARA DEROSA, Individually, and On Behalf of others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>VIACOMCBS INC.; CBS BROADCASTING, INC.; CBS TELEVISION STUDIOS, A DIVISION OF CBS STUDIOS, INC.; SESSIONS PAYROLL MANAGEMENT, INC.; FIRSTHAND PRODUCTIONS, INC.; EAST END PRODUCTIONS, INC.; SNAPSHOT PRODUCTIONS, INC.; GAIL LEVINE; GREGG LEVINE; BOARD OF TRUSTEES OF THE AFTRA RETIREMENT FUND; BOARD OF TRUSTEES OF THE SAG PRODUCERS PENSION PLAN; BOARD OF TRUSTEES OF THE SAG-AFTRA HEALTH PLAN; and DOES 1-50,<br><br>            Defendants. | Case No. 2:20-cv-02965-WLH (GJSx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Wesley L. Hsu<br>Date:  January 26, 2024<br>Time:  10:00 a.m.<br>Crtrm.: 9B<br><br>Action Filed: March 30, 2020<br>Trial Date: Not Set |

1
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

PLEASE TAKE NOTICE that Plaintiff Sara DeRosa, individually and on behalf of all others similarly situated in the above-entitled action, will and hereby does move this Court for final approval of the proposed class action settlement reached with Defendants CBS Studios Inc. ("CBS") and Sessions Payroll Management Inc. ("Sessions") (CBS and Sessions, collectively, "Settling Defendants") on January 26, 2024, at 10:00 a.m., or at such other time set by the Court, before the Honorable Wesley L. Hsu, Courtroom 9B of the United States District Court for the Central District of California, 350 W. First Street, Los Angeles, California 90012.

Plaintiff requests orders as follows:

1. Granting final approval of the proposed class action settlement, as set forth in the Joint Stipulation Re: Class Action Settlement and Release ("Stipulation"), ECF 276-1 at pp. 11-63, which the Court preliminarily approved by its order of September 26, 2023 (ECF 285) (the "Preliminary Approval Order");

2. Maintaining the certification of the settlement Class, which consolidates previously certified classes and is defined as:

> all individuals who were payrolled through Sessions (or any of its affiliates such as Firsthand Productions, Inc., East End Productions Inc., RE Productions, Inc. and Snapshot Productions Inc.) for work as a background or stand-in actor on CBS television shows filmed in New York or California during the Class Period. CBS television shows were those produced by CBS or Eye Productions Inc. "Class Period" means the period March 30, 2014, to October 22, 2022;

3. Finding, in accordance with the Preliminary Approval Order, that Class Members have been given notice of the terms of the Settlement and the opportunity to comment on, object to, or exclude themselves from the Settlement;

4. Determining that the notice procedure was the best notice possible, satisfying legal and due process requirements;

5. Finding Plaintiff Sara DeRosa is an adequate Class Representative, and approving payment of a service award to DeRosa in the amount of $20,000.00;

6. Finding Boucher LLP has adequately represented the class as Class Counsel, awarding attorneys' fees of up to $1,333,333.33, and reimbursing litigation costs up to $450,000, sought by separate motion, ECF 288;

7. Setting aside up to $60,000 in anticipated administration costs;

8. Identifying individuals who validly and timely requested exclusion from the Settlement;

9. Overruling oral objections to the Settlement, if any;

10. Finding and determining that the terms of the Settlement are fair, adequate, and reasonable to the Class when balanced against the probable outcome of extensive and costly litigation, and that all terms and provisions of the Settlement be consummated; and

11. Entering final judgment in this action, as defined in Federal Rule of Civil Procedure 58(a)(1).

This Motion is based upon this Notice of Motion and the accompanying Memorandum of Points and Authorities; the Declaration of Maria L. Weitz ("Weitz Decl."); the records on file in this action; and upon additional argument and evidence as may be presented at or before the hearing on this Motion.

DATED: December 29, 2023     BOUCHER LLP

By:     /s/ *Maria L. Weitz*
RAYMOND P. BOUCHER
SHEHNAZ M. BHUJWALA
MARIA L. WEITZ
Attorneys for Plaintiff and Class Counsel

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 6

II. PROCEDURAL HISTORY .................................................................................. 7

III. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE ........... 8

    A. Plaintiff DeRosa and Class Counsel Boucher LLP adequately represented the Class. ............................................................................ 9

    B. The Settlement was negotiated at arm's length. ................................. 10

    C. Considering all circumstances, the Settlement provides adequate relief to Class Members. ...................................................................... 10

        1. The Settlement provides substantial monetary relief. ................ 10

        2. The risk, expense, complexity, and delay of further litigation weigh in favor of final approval. ................................. 11

        3. The experience and views of counsel, and the stage of the proceedings favor final approval. ................................................ 11

        4. The proposed attorney's fee award is reasonable. ...................... 12

        5. There are no government participants, and Class Members support the Settlement. ............................................................... 12

    D. The Settlement does not provide preferential treatment. ..................... 13

    E. The Settlement Class meets all certification requirements. ................. 14

    F. The notice procedure gave Class members the best possible notice, satisfying legal and due process requirements. ....................... 15

IV. CONCLUSION .................................................................................................. 16

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alberto v. GMRI, Inc.*,
　252 F.R.D. 652 (E.D. Cal. 2008) ........................................................................ 14

*Churchill Vill. v. Gen. Elec.*,
　361 F.3d 566 (9th Cir. 2004) ......................................................................... 9, 13

*Cook v. Niedert*,
　142 F.3d 1004 (7th Cir. 1998) .......................................................................... 14

*Hanlon v. Chrysler Corp.*,
　150 F.3d 1011 (9th Cir. 1998) ............................................................................ 6

*Il Fornaio (America) Corp. v. Lazzari Fuel Company, LLC*,
　2015 WL 2406966 (N.D. Cal. May 20, 2015) ................................................. 15

*In re Linkedin User Priv. Litig.*,
　309 F.R.D. 573 (N.D. Cal. 2015) ...................................................................... 13

*In re Syncor ERISA Litig.*,
　516 F.3d 1095 (9th Cir. 2008) ............................................................................ 6

*Kim v. Allison*,
　8 F.4th 1170 (9th Cir. 2021) ............................................................................... 9

*Lane v. Facebook, Inc.*,
　696 F.3d 811 (9th Cir. 2012) ............................................................................ 15

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
　688 F.2d 615 (9th Cir. 1982) ......................................................................... 6, 10

*Quiruz v. Specialty Commodities, Inc.*,
　No. 17-CV-03300, 2020 WL 6562334 (N.D. Cal. Nov. 9, 2020) ...................... 6

*Reyes v. Bakery & Confect. Union & Indus. Int'l Pension Fund*,
　281 F. Supp. 3d 833 (N.D. Cal. 2017) .............................................................. 13

*Rodriguez v. West Publ'g Corp.*,
　563 F. 3d 948 (9th Cir. 2009) ............................................................................ 11

**STATUTES**

Federal Rules of Civil Procedure, Rule 23(e)(2) ..................................................... 9

## I. INTRODUCTION

Plaintiff Sara DeRosa ("Plaintiff") respectfully requests that the Court grant final approval of the proposed settlement of this class action with Defendants CBS Studios Inc. ("CBS") and Sessions Payroll Management Inc. ("Sessions") (CBS and Sessions, collectively, "Settling Defendants"). *See* ECF 276-1 at pp. 11-63 (Joint Stipulation Re: Class Action Settlement and Release) ("Stipulation"). As observed in the Court's September 26, 2023 Order Granting Motion for Preliminary Approval of Class Action Settlement, ECF 285, the settlement is fair, reasonable, and adequate. What's more, the response from Class Members has been resoundingly positive, with only 13 opt-out forms (0.09%) and zero written objections submitted as of December 28, 2023. Declaration of Maria L. Weitz in Support of Motion for Final Approval ("Weitz Decl."), ¶¶ 3-4, 8.

"[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). The Court's focus is to "reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). The question is "not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* The factors for evaluating the settlement of FLSA collective claims "are essentially the same as … under Rule 23(e)," with the focus being on whether there is a "fair and reasonable resolution of a bona fide dispute." *Quiruz v. Specialty Commodities, Inc.*, No. 17-CV-03300-BLF, 2020 WL 6562334, at *2 (N.D. Cal. Nov. 9, 2020). The Settlement of this case easily meets the test of fairness; Class members have been given the best possible notice; and the terms of the Settlement should be carried out in full. Final approval is warranted.

## II. PROCEDURAL HISTORY

On or about March 30, 2020, Plaintiff filed a class action complaint asserting a variety of claims against Defendants, including FLSA claims against the Employer Defendants and breach of fiduciary duty claims against certain union-affiliated pension and health plans (the "Plans"). ECF 1; ECF 276-1, ¶ 6; ECF 288-1, ¶¶ 10-13, Weitz Decl., ¶ 2. This initial complaint sought to certify a variety of different classes. *Id.*

On June 16, 2020, Plaintiff voluntarily dismissed the Plans and associated claims without prejudice, and the dismissal was granted by the Court on June 23, 2020. ECF 276-1, ¶ 7; ECF 37. On June 19, 2020 and August 13, 2020, Defendants CBS Studios Inc. and ViacomCBS Inc., and Defendants Sessions Payroll Management, Inc., Gail Levine and Gregg Levine, respectively, filed Motions to Dismiss the remaining claims. ECF 276-1, ¶¶ 8-10; ECF 33 (CBS); ECF 46 (Sessions). Following briefing and a hearing on these motions, Plaintiff agreed to dismiss certain causes of action and amend her complaint. *Id.*; ECF 56. The Court denied the remainder of the Motions to Dismiss as moot. *Id.*; ECF 70.

Plaintiff filed her First Amended Complaint on December 29, 2020. ECF 276-1, ¶ 11; ECF 76. On February 1, 2021, Defendants CBS Studios Inc. and ViacomCBS Inc. filed a renewed Motion to Dismiss; Sessions Defendants answered on February 3, 2021. ECF 276-1, ¶¶ 12-14; ECF 90 (motion); ECF 95 (answer). The Motion to dismiss was granted in part, ECF 105, and Defendants CBS Studios Inc. and ViacomCBS Inc. filed their answer. ECF 120. All answers were subsequently amended. ECF 107, ECF 254. *See also* ECF 288-1, ¶¶ 14-19, Weitz Decl., ¶ 2. The parties conducted robust fact and expert discovery, and engaged in significant motion practice to resolve discovery disputes where informal conferences did not resolve the issues. ECF 276-1, ¶ 15, ECF 288-1, ¶¶ 20-29.

On June 7, 2022, Plaintiff filed her Motion to Certify Class, ECF 196, which Defendants vigorously opposed. ECF 288-1, ¶¶ 30-33, ECF 276-1, ¶ 16; *see* ECF

201-211, 215-219, 224. On October 11, 2022, the Court granted the Motion in part. *Id.*; ECF 231. Defendants then unsuccessfully petitioned for review by the Court of Appeals for the Ninth Circuit. ECF 276-1, ¶ 17; ECF 252. Further merits discovery followed. *Id.,* ECF 288-1, ¶¶ 34-35, Weitz Decl., ¶ 2.

On April 3, 2023, Plaintiff and Settling Defendants participated in an all-day, arm's length mediation presided over by Jeffrey Krivis, Esq., a highly respected private and neutral mediator with substantial wage and hour class action experience. ECF 276-1, ¶ 19, ECF 288-1, ¶¶ 36-41. The parties agreed in principle to a settlement. *Id.* Motions for Summary Judgment as to the Class and remaining individual claims, as well as a Motion for Class Decertification, were all filed shortly before or after mediation (to preserve Defendants' position pending review of the proposed settlement). ECF 276-1, ¶¶ 18, 20; *see* ECF 255, 256, 259, 270.

On May 25, 2023, Plaintiff filed her Motion for Preliminary Approval of Class Action Settlement, ECF 276. On July 14, 2023, Plaintiff filed an amended motion, ECF 281, 283, after providing notice on July 13, 2023 to government agencies as required by the Class Action Fairness Act, 28 U.S.C. 1711 et seq.

The Court granted preliminary approval on September 26, 2023, ECF 285. On October 19, 2023, Simpluris issued Notice, mailing 15,159 notice packets pursuant to the Notice Plan. ECF 288-1, ¶¶ 8-9, Weitz Decl., ¶¶ 3-4. November 18, 2023 was the deadline for Class Members to opt out, dispute work days, or object. *Id.* As of December 28, 2023, 13 Class Members (0.09%) have responded with opt-out forms, 5 Class Members (0.03%) submitted a dispute regarding days worked, and 473 Class Members (3.12%) submitted change of address. *Id.* The motion for attorneys' fees, litigation costs, and service award was posted to the settlement website on November 20, 2023. ECF 288-1, ¶¶ 64-65. Zero objections have been received. *Id.*

### III. THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

When assessing whether a settlement is fair, reasonable, and adequate, a court must consider whether: (A) the class representative and class counsel have

adequately represented the class; (B) the proposal was negotiated at arms'-length; (C) the relief provided for the class is adequate; and (D) the proposal treats class members equitably relative to each other. Fed.R.Civ.P. 23(e)(2). Determining the adequacy of relief to the class requires examination of substantive terms, of any proposed award of attorney's fees, and of other factors guided by this Circuit's "*Churchill*" factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (citing *Churchill Vill. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)); *see also* R. 23(e)(2)(C)(i)-(iv). The Court already considered many relevant factors at preliminary approval. ECF 285, pp. 9-13. Other than a supportive response from Class Members, nothing has changed to undermine the fairness of this settlement. The Court should grant final approval.

### A. Plaintiff DeRosa and Class Counsel Boucher LLP adequately represented the Class.

As demonstrated by the extensive record generated in this hard-fought litigation, and as the Court previously found when granting preliminary approval, Plaintiff Sara DeRosa and Class Counsel Boucher LLP have demonstrated diligent representation of the Class in this action. Boucher LLP "is experienced class counsel" that "has adequately represented Plaintiff and the putative class." ECF 285, p. 10. Plaintiff DeRosa has taken a uniquely active role as a class representative, ensuring diligent prosecution and fair representation of Class members. *See, e.g.*, Weitz Decl., ¶¶ 6-8, ECF 288-1, ¶¶ 42-48. Here, "the settlement is the culmination of class counsel's work from the filing of the initial complaint in this matter in 2020 through various phases of litigation including motions to dismiss, discovery, class certification, and settlement." ECF 285, p. 10; *see generally* ECF 288-1, ¶¶ 3-41.

### B. The Settlement was negotiated at arm's length.

The Court previously found this factor weighs in favor of approval. ECF 285, pp. 10-11. The Settlement was reached following extensive negotiations during a private mediation session followed by multiple days of negotiation. ECF 276-1, ¶¶ 21-22. Plaintiff, Settling Defendants, and all parties' respective counsel participated in an all-day, arm's length mediation presided over by Jeffrey Krivis, Esq., a highly respected private and neutral mediator with substantial wage and hour class action experience. *Id.* The Parties went into the mediation session willing to explore the potential for a settlement of the dispute, but each side was also committed and prepared to litigate its position through trial and appeal if not settled. *Id.*

### C. Considering all circumstances, the Settlement provides adequate relief to Class Members.

The Court previously found the proposed relief "to be adequate in that it is reasonable and fair to class members." ECF 285, pp. 11-12. Each factor in *Churchill* and Rule 23(e)(2)(C) supports final approval of the Settlement.

#### 1. The Settlement provides substantial monetary relief.

Under the Settlement, Defendants have committed to pay $4,000,000. ECF 276-1, ¶ 24. Based on investigation and analysis including consultation with Plaintiff's retained experts, the Settlement represents approximately 39% of the maximum potential damages awardable on the NYLL claims, exclusive of interest. ECF 276-1, ¶ 27. With respect to the Fraudulent Tax Return claim, asserted against only Sessions, the maximum potential damages "far exceeds Sessions' assets and insurance such that there is no realistic possibility to collect a favorable judgment on the claim." *Id.* As the Court previously found: "Given the pending dispositive motions for summary judgment, the contested nature of the claims, and the uncertainty and expense of trial, the Court finds that the recovery ratio is adequate." ECF 285, p. 12, citing *Officers for Justice,* 688 F.2d at 624.

///

## 2. **The risk, expense, complexity, and delay of further litigation weigh in favor of final approval.**

This Settlement is a substantial recovery for the Class members, which takes into consideration the significant risks of proceeding with the litigation, including the risks of maintaining class certification, establishing liability, proving damages, and collecting any judgment. Even if Plaintiff had defeated the pending dispositive motions, there would remain significant risk that the Court would ultimately find in Defendants' favor on the merits of Plaintiff's novel legal theories. ECF 276-1, ¶ 28. What's more, a legitimate controversy exists as to each cause of action and proving damages due to each individual Class Member would be an expensive and time-consuming process. *Id*. And continued litigation would inevitably delay payment to the Class. *Id.,* ECF 288-1, Weitz Decl., ¶ 2. The fact that a settlement will eliminate delay and further expenses strongly weighs in favor of approval. *Rodriguez v. West Publ'g Corp*., 563 F. 3d 948, 966 (9th Cir. 2009).

## 3. **The experience and views of counsel, and the stage of the proceedings favor final approval.**

This Settlement was reached in the final stages of litigation, after classes had been certified, with multiple dispositive motions pending, and within a few months of a firm trial date. Prior to mediation, the parties engaged in extensive investigation, fact and expert discovery, including interviewing Plaintiff and multiple class members regarding the facts alleged in the complaint, reviewing and analyzing tens-of-thousands of pages of Defendants' records related to class members' wages, and conducting legal research regarding application of law. ECF 276-1, ¶ 23. The parties engaged in formal written discovery and deposed several percipient witnesses, including Sessions' Payroll Management's IT professionals and several Persons Most Qualified on relevant topics. Plaintiff's counsel conducted a detailed evaluation of time records and payroll data provided by Defendants, which involved manual review in addition to working closely with highly respected experts in the fields of data science, statistics, accounting, tax, recordkeeping, and

11
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

computer forensics. *Id.* Based on the record developed by extensive litigation, Plaintiff's counsel was able to act intelligently and effectively in negotiating the proposed Settlement, which serves the best interests of the Class. *Id.*

### 4. The proposed attorney's fee award is reasonable.

The Settlement allows Class Counsel to apply to the Court for a fee award up to $1,333,333.33, and for reimbursement of reasonable costs up to $450,000.00. ECF 276-1, p. 18 (Stipulation, ¶ III.B.2). Settling Defendants agree not to oppose the requests so long as the applications accurately state the record and are consistent with the Settlement. *Id.* By separate motion, Boucher LLP requests $1,333,333.33 in fees, representing 1/3 of the common fund, and reimbursement of actual expenses in the amount of $298,170.27. ECF 288, 288-1, Weitz Decl., ¶ 2. The requested fees fairly compensate counsel in direct proportion to the monetary benefits obtained for the Class. As explained more fully in the fee motion, the requested fees are reasonable and warranted because this case entailed far more risk and demanded more work and skill than normal. ECF 288, 288-1. Class Counsel overcame multiple pleading challenges and successfully certified two classes at considerable risk and expense: many records existed only in handwritten, hard-copy format, requiring individual review and conversion; obtaining foundational class-wide electronic data required multiple motions to compel and careful oversight from Class Counsel and forensic computer experts. *Id.* Class Counsel advanced thousands of hours over the course of years and fronted all litigation costs in hopes of achieving the class-wide relief DeRosa had been seeking through informal and administrative channels since at least 2013. Indeed, a lodestar crosscheck confirms the requested fee yields a negative multiplier of 0.75. ECF 288-1, ¶ 58. This weighs in favor of final approval.

### 5. There are no government participants, and Class Members support the Settlement.

"CAFA presumes that, once put on notice, state or federal officials will raise any concerns that they may have during the normal course of the class action

settlement procedures." *In re Linkedin User Priv. Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015). Defendants provided the required CAFA notice, but no governmental entity has raised any concern. Weitz Decl. ¶ 9. Because "[n]one of these officials have raised any objection or concern regarding the settlement[,] … this factor favors the settlement." *In re LinkedIn*, 309 F.R.D. at 589.

The positive response from Class Members likewise strongly favors final approval. *See* ECF 288-1, ¶¶ 8-9, 44, 48, 64-65. "[C]lass members' positive reaction to a settlement weighs in favor of settlement approval," and "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Reyes v. Bakery & Confect. Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833, 848 (N.D. Cal. 2017). As of December 28, 2023, 13 Class Members (0.09%) responded with opt-out forms, 5 Class Members (0.03%) submitted a dispute regarding days worked, and 438 Class Members (2.89%) submitted change of address forms. Weitz Decl., ¶¶ 3-4. Zero objections have been received. *Id.,* ECF 288-1, ¶¶ 64-65. The deadline for Class Members to opt out, dispute work days, or object to the settlement was November 18, 2023. *Id.* Such a small number of opt-outs and objections indicates strong support for the settlement, weighing in favor of final approval. *See Churchill*, 361 F.3d at 577 (affirming when 45 objections received and 500 class members opted out in class of 90,000).

### D. The Settlement does not provide preferential treatment.

The Settlement provides equal relief to all Class members and the distribution to each Class Member are calculated the same way. ECF 276-1, ¶ 25. All Class members are entitled to an equal share of the common fund for each day worked during the Class Period. *Id.* The Court previously found this "proposed distribution method appears to provide equal relief to all proposed class members" and thus weighs in favor of approval. ECF 285, p. 13. The Court did, however, express concern regarding the fairness of the requested $20,000 service award to Plaintiff

Sara DeRosa. ECF 285, pp. 12-13. As explained more fully in Plaintiff's Amended Motion for Award of Attorneys' Fees, Costs, and Service Award, ECF 288, the requested service award is fair payment for the substantial risk assumed and services undertaken by DeRosa, for the benefit conferred on the Class through her singular efforts, and for accepting a general release and restraint on future conduct that do not apply to other Class Members. *See, e.g.,* ECF 288-1, ¶¶ 42-48, ECF 288-2, Weitz Decl., ¶¶3-9. DeRosa worked over 630 days during the relevant period—the most of any Class Member (approximately 98% worked 50 or fewer days). *Id.* Divided across 630 days worked, the $20,000 service award represents ~$31 in additional compensation to DeRosa per workday, for a total of ~$51 per workday compared to the preliminary estimated payment of ~$20 per workday for all Class Members. *Id.* The service award is warranted given DeRosa's decade-long commitment to the Class's interests and reasonable fear of workplace retaliation. *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669-70 (E.D. Cal. 2008), citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)(approving $25,000 payment to named plaintiff who "spent hundreds of hours with his attorneys and provided them with an abundance of information").

### E. The Settlement Class meets all certification requirements.

Although the Court previously certified two classes, the Settlement combines the two classes into one slightly different proposed class. (*Compare* Order Granting Class Certification, ECF 231; *with* ECF 276-1, ¶ 3). As the Court previously found, the settlement Class meets all requirements for certification. ECF 285, pp. 13-17. Having satisfied the requirements of Rule 23(a) and 23(b)(3), the Court should maintain certification of the Class and enter final judgment, excluding only those individuals who will be identified in Simpluris' forthcoming declaration as having submitted valid and timely opt-out forms.

/ / /

/ / /

### F. The notice procedure gave Class members the best possible notice, satisfying legal and due process requirements.

Notice is satisfactory if it "generally describe[s] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Lane v. Facebook, Inc.,* 696 F.3d 811, 826 (9th Cir. 2012) (internal quotation marks omitted). Here, the Court previously found the proposed Class Notice and notice plan were satisfactory as it contained the required information under Rule 23(c)(2)(B). ECF 285, p.18. The Court also found the notice plan to be proper because individual notice would be provided, through a common and customary method of communication, to all Class Members whose identities are known to the Parties. *Id.*

Notice was disseminated in accordance with the Court-approved plan. Class Counsel reviewed and approved the software script used by Sessions to identify and download the Class Data. Weitz Decl., ¶¶ 3-4. Sessions timely provided Class Data to Simpluris, the Settlement Administrator.[1] *Id.* On October 19, 2023, Simpluris issued Notice, emailing and/or mailing 15,159 notice packets pursuant to the Notice Plan. *Id.* The USPS returned 1,598 as undeliverable. *Id.* After conducting address verification searches, 1,120 were re-mailed. *Id.* Ultimately, only 473 notice packets (3.12%) were undeliverable. *Id.* These numbers fall well within acceptable parameters. *See Il Fornaio (America) Corp. v. Lazzari Fuel Company, LLC*, 2015 WL 2406966, at *1-2 (N.D. Cal. May 20, 2015) (approving notice when approximately 13% of notices were undeliverable).

Further, the notice provided all the information required for the class member

---

[1] Not later than 10 days before the Motion for Final Approval hearing, the Settlement Administrator will provide the Settling Parties for filing with the Court a declaration of due diligence setting forth its compliance with its obligations under the Settlement Agreement and detailing the Elections Not to Participate in Settlement it received (including the numbers of valid and deficient Elections) and objections received.

to make an informed decision. It "clearly identifie[d] the options available to putative class members . . . and also thoroughly explained the nature and mechanics of settlement." *Bellinghausen*, 306 F.R.D. at 254. It included the date of the final approval hearing and explained all the essential elements in plain language. Weitz Decl. ¶ 5, Exh. 2 (notice packet). Simpluris personalized each notice with the number of work days and anticipated payment for each individual Class Member. *See id*. Plaintiff's Motion for Attorney's Fees, Costs, and Service Award and supporting declarations were posted to the settlement website on November 20, 2023, along with an announcement that written objections would be accepted until December 5, 2023. *Id.,* ¶ 6. The robust and effective notice plan, along with Class Members' near-universal participation in the Settlement, weigh strongly in favor of final approval.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Final Approval of Class Action Settlement in its entirety.

DATED:  December 29, 2023        BOUCHER LLP

By: _____*/s/Maria L. Weitz*_____
RAYMOND P. BOUCHER
SHEHNAZ M. BHUJWALA
MARIA L. WEITZ
Attorneys for Plaintiff and Class Counsel