# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SARA DEROSA, Individually, and On Behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIACOMCBS INC.; CBS BROADCASTING, INC.; CBS TELEVISION STUDIOS, A DIVISION OF CBS STUDIOS, INC.; SESSIONS PAYROLL MANAGEMENT, INC.; FIRSTHAND PRODUCTIONS, INC.; EAST END PRODUCTIONS, INC.; SNAPSHOT PRODUCTIONS, INC.; GAIL LEVINE; GREGG LEVINE; BOARD OF TRUSTEES OF THE AFTRA RETIREMENT FUND; BOARD OF TRUSTEES OF THE SAG PRODUCERS PENSION PLAN; BOARD OF TRUSTEES OF THE SAG-AFTRA HEALTH PLAN; and DOES 1-50,<br><br>Defendants. | Case No. 2:20-cv-02965-WLH (GJSx)<br><br>CLASS ACTION<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [289]**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND SERVICE AWARD [288]; AND**<br><br>**(3) ENTERING FINAL JUDGMENT**<br><br>Judge: Hon. Wesley L. Hsu<br>Date: January 26, 2024<br>Time: 10:00 a.m.<br>Crtrm.: 9B<br><br>Action Filed: March 30, 2020<br>Trial Date: Not Set |

Before the Court is Plaintiff Sara DeRosa's ("Plaintiff") Unopposed Motion for Final Approval of Class Action Settlement and Conditional Certification ("Motion for Final Approval," Docket No. 289) and Motion for Attorneys' Fees, Litigation Costs, and Service Award (the "Fees Motion," Docket No. 288).

On January 26, 2024, at 10:00 a.m., the Court held a hearing on the above-mentioned motions and proposed settlement ("Settlement") with Defendants CBS Studios Inc. ("CBS") and Sessions Payroll Management, Inc. ("Sessions" and together with CBS, "Settling Defendants"), and payments to Plaintiff, the Class, Class Counsel, and the Settlement Administrator. The appearances of the Parties are reflected in the transcript.

The Parties have submitted their Settlement, which the Court preliminarily approved by its order of September 26, 2023 (Docket No. 285) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on and/or object to the Settlement. In addition, Class Members have been given the opportunity to exclude themselves from the Settlement.

Having received and the considered the Settlement, the supporting papers filed, and the evidence and argument received by the Court, both before entering the Preliminary Approval Order and in connection with the final approval hearing, the Court **GRANTS** the Motion for Final Approval, **GRANTS** the Fees Motion, enters this Final Approval Order and Judgment ("Final Approval Order and Judgment," or "Order") and **HEREBY ORDERS AND ADJUDGES AS FOLLOWS**:

1. The Court has jurisdiction over this Action (including the Class Members) and the Settlement pursuant to 28 U.S.C. §§ 1131 and 1332(d). The Court finds that the CAFA Notice was served as required by the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA").

2. Except as otherwise specified herein, the Court for purposes of this Final Approval Order and Judgment adopts all defined terms set forth in the Class

Action Settlement Agreement ("Agreement").

3. The Court finds that Plaintiff is an adequate representative of the Class.

4. The Court finds that Boucher LLP has adequately represented the Class as Class Counsel.

5. The Class, for purposes of the Settlement, is defined as all individuals who were payrolled through Sessions (or any of its affiliates) for work as a background or stand-in actor on television shows that were produced by CBS or Eye Productions, Inc. and were filmed in New York or California during the period from March 30, 2014, through October 22, 2022.

6. Pursuant to the Preliminary Approval Order, the Notice of Pendency of Class Action Settlement and Hearing Date for Court Approval ("Class Notice") was sent to each Class Member by electronic mail and/or first-class U.S. mail. The Class Notice informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to comment on or object to the Settlement and/or the attorneys' fees and costs application and/or the Class Representative incentive payment, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.

7. On October 19, 2023, the settlement administrator mailed 12,200 Notice Packets via First Class Mail and 2,959 Notice Packets via email for a total of 15,159 unique Class Members for whom email addresses were provided. (Decl. of Mary Butler ("Butler Decl."), Docket No. 291 ¶ 9). Ultimately, 494 of the mailed Notice Packets and 26 of the emailed Noticed Packets remained undeliverable. (*Id.* ¶ 10). The undeliverable emailed Notice Packets were subsequently mailed via First Class Mail. (*Id.*).

8. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of

Class Members. The Court finds and determines that the Class Notice provided in this case was the best notice practicable, which satisfies the requirements of law and due process.

9. Zero (0) Class Members filed written objections to the proposed settlement.

10. There were fourteen (14) valid and timely Requests for Exclusion from the Settlement.

11. For the reasons stated in the Preliminary Approval Order and at the hearing for final approval of the settlement, the Court finds and determines that the terms of the Settlement are fair, adequate and reasonable to the Class when balanced against the probable outcome of extensive and costly litigation.  Substantial investigation and research have been conducted such that counsel for the Parties are reasonably able to evaluate their respective positions.  It appears to the Court that Settlement will avoid substantial additional costs by all Parties, as well as the delay and uncertainties that would be presented by further prosecution of the Action.  The Court finds that the Settlement that has been reached is the result of intensive, non-collusive, arms'-length negotiations, including mediation with a highly experienced third-party neutral.

12. The Court finds and determines that all Class Members will be bounded by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

13. The Court finds and determines that the all-inclusive Gross Settlement Amount of Four Million Dollars and Zero Cents ($4,000,000.00), and the resulting Settlement Shares to be paid to the Class Members as provided for by the Settlement, are fair and reasonable.  The Court hereby grants final approval to and orders that payment of Settlement Shares be distributed to the Class Members out of the Net Settlement Amount in accordance with the Agreement.  Pursuant to the

terms of the Agreement, the Settlement Administrator is directed to make those payments to each Class Member in accordance with the Agreement.

14. The Court finds and determines the fees and expenses of Simpluris in administrating the settlement, in the amount of $60,000 are fair and reasonable. The Court hereby grants final approval to and orders the payment of that amount in accordance with the Agreement.

15. The Court finds and determines that the request by Plaintiff for a Class Representative Service Payment in the amount of $20,000 is fair and reasonable considering Plaintiff's substantial work interviewing and retaining class counsel, assisting with discovery, and agreeing to execute a general release of all claims related to her employment, and restrictions on her future statements on certain issues. (Decl. of Maria L. Weitz ("Weitz Decl."), Docket No. 288-1 ¶ 42). Further, the award of $20,000 is consistent with and comparable to other service awards, which have been found to be fair and reasonable service awards in the Ninth Circuit. *See Fulford v. Logitech, Inc.*, 2010 WL 807448, at *3 n.1 (collecting cases awarding incentive payments ranging from $5,000 to $40,000). The Court hereby grants final approval to and orders the payment of this amount in accordance with the Agreement.

16. The Court finds and determines that the request by Class Counsel for attorneys' fees are fair and reasonable. District courts have discretion to award fees in one of two methods: (1) lodestar method; or (2) percentage-of-the-fund. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The percentage-of-the fund method is the prevailing practice in the Ninth Circuit. *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, No. CV 07-05107 SJO AGRX, 2013 WL 7985367, at *1 (C.D. Cal. Dec. 23, 2013). Courts may also choose one method and cross-check with the other. *Abelar v. Am. Residential Servs., L.L.C.*, No. 5:19-cv-00726-JAK (JPRx), 2019 WL 6054607, at *5 (C.D. Cal. Nov. 14, 2019). For class action settlements, while the Ninth Circuit has established 25% of the total recovery

as a benchmark award for attorneys' fees, it is not unusual to award higher. *Id.* (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003)); *see also Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark . . . in most common fund cases, the award exceeds that [25%] benchmark."); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("[I]n most recent cases the benchmark is closer to 30%"). The Ninth Circuit has identified a number of factors a court may consider in assessing whether an award is reasonable, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required and quality of work; and (4) the financial burden carried by the plaintiff. *Resnick v. Frank*, 779 F.3d 934, 954 (9th Cir. 2015); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). The most important factor is the results achieved including the degree of success obtained. *Hensley v. Echerhart*, 461 U.S. 424, 436 (1983) (holding that the "most critical factor is the degree of success obtained"). Considering these factors, the court finds the requested award is reasonable given the novel and risky nature of the legal issues at hand, multiple rounds of dispositive and substantive motion practice, extensive discovery conducted, and successful arms-length but adversarial settlement negotiated. (Weitz Decl. ¶¶ 10–41). The Court hereby grants final approval to and orders the payment of $1,333,333.33 for attorneys' fees to Class Counsel in accordance with the Agreement.

17. The Court finds and determines that the request by Class Counsel for litigation fees are fair and reasonable. Reasonable out-of-pocket expenses, which are authorized under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The appropriate analysis in deciding which expenses are compensable is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir.1994) (citations omitted). Here, Class Counsel

seeks reimbursement of $298,170.27 for costs related mainly to retaining experts and consultants for forensic accounting, tax, and technology issues, reporting and transcription services for depositions, and discovery. (*Id.* ¶¶ 59–61). The Court hereby grants final approval to and orders the payment of $298,170.27 for the reimbursement of costs in accordance with the Agreement.

18. Upon the occurrence of the Effective Date, the Class shall release the Released Class Claims as to the Released Parties, all as detailed in the Agreement. The Released Class Claims include any claim falling within that definition whether or not any Class Member has directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity, whether by operation of law or otherwise, any portion of such Released Class Claim.

19. Upon the occurrence of the Effective Date, Plaintiff shall release the Plaintiff's Released Claims as to the Released Parties, all as detailed in the Agreement. The Plaintiff's Released Claims include any claim falling within that definition whether or not Plaintiff has directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity, whether by operation of law or otherwise, any portion of such Plaintiff's Released Claims.

20. All Class Members shall be bounded by all of the applicable releases and other terms of the Agreement and this Final Approval Order and Judgment, whether or not they actually receive or cash their settlement checks for their Settlement Share, and shall not be permitted to seek any further payment or any personal relief of any kind, including any payment for damages, wages, compensation, fees, costs, penalties, or interest, other than their respective Settlement Share on account of the Released Class Claims.

21. Each Class Member shall not hereafter, individually or as a member of any class or representative proceeding, file any civil action, lawsuit, grievance,

demand for arbitration, charge, claim, and/or administrative complaint against Defendants or any of the Released Parties, based upon any Released Class Claims.

22. If, for any reason, the Effective Date (as defined by the Agreement) does not occur, this Order will be vacated; the Parties will return to their respective positions in this Action as those positions existed before the Parties executed the Agreement; and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this Action or in any other Action. In that event, the Court shall promptly hold a status conference to set a briefing schedule on Defendants' Motions for Decertification and Summary Judgment and a new trial date, if appropriate.

23. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and/or the Class, individually or collectively. All liability is expressly denied by Defendants. Defendants further in no way admit that class certification is appropriate as it relates to the Class.

24. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement.

25. Each side will bear its own costs and attorneys' fees except as provided by the Agreement and this Final Approval Order and Judgment.

26. By means of this Final Approval Order and Judgment, this Court hereby enters final judgment in this action, as defined in Federal Rule of Civil Procedure 58(a)(1).

27. The Parties are hereby ordered to comply with the terms of the Agreement, all of which terms are incorporated by this reference.

28. All pending motions in this matter are denied as moot.

**IT IS SO ORDERED, ADJUDGED AND DECREED**.

DATED: 2/20/2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT COURT